# OPS Complaint File Closeout Report

OPS Control Number _____ Date Investigation Received _____

Date Investigation Returned _____ Date Investigation Closed _____

Accused Employee ___ Matthew Cadena ___ R/S B/M ___ Unique ID 484

Accused Employee's Assignment _____ _____ _____
DIVISION   SECTION   WATCH

| Investigative Disposition | Rule #1 | Rule#2 | Rule#3 | Rule#4 | Rule#5 |
|---|---|---|---|---|---|
| Rule Number(s) | | | | | |
| Disciplinary Action | D | N/S | | | |
| Modified Action | N/S | | | | |
| Disciplinary Category | | | | | |
| Date of Action | | | | | |

Waiver Yes ☐ No ☑ CVSA Yes ☐ No ☑ SAA Yes ☐ No ☑ Reimbursement Payment Yes ☐ No ☑

Special conditions and or agreements _____

Accused Employee _____ R/S _____ Unique ID _____

Accused Employee's Assignment _____ _____ _____
DIVISION   SECTION   WATCH

| Investigative Disposition | Rule #1 | Rule#2 | Rule#3 | Rule#4 | Rule#5 |
|---|---|---|---|---|---|
| Rule Number(s) | | | | | |
| Disciplinary Action | | | | | |
| Modified Action | | | | | |
| Disciplinary Category | | | | | |
| Date of Action | | | | | |

Waiver Yes ☐ No ☐ CVSA Yes ☐ No ☐ SAA Yes ☐ No ☐ Reimbursement Payment Yes ☐ No ☐

Special conditions and or agreements _____

Form Completed by _____ well

PLAINTIFF'S EXHIBIT 33



# City of Atlanta

## Atlanta Police Department

# Internal Correspondence

**M E M O R A N D U M**

TO:     Assistant Chief S. L. Jones

FROM:   Deputy Chief J. P. Spillane

DATE:   January 23, 2015

RE:     <u>Investigation and Disposition of OPS Complaint #14-I-0635-UAF</u>

Attached please find OPS Complaint Investigation #14-I-0634-UAF involving **Officer Matheau Cadeau**. Listed below is the recommended discipline for the sustained charges. In accordance with APD.SOP.2020, Section 4.7.1(b), I am forwarding this OPS investigation for your review and recommendation.

**Officer Matheau Cadeau:**

| | **Work Rule** | **Recommendation** | **Concur** | **Do Not Concur** |
|---|---|---|---|---|
| 4.1.3 | Truthfulness | Termination | ☑ | ☐ |

_____
Shawn L. Jones, Assistant Chief of Police

_____1/23/2015_____
Date

JPS/mmf

 

## Atlanta Police Department    Internal Correspondence

*Office of Professional Standards*    *Internal Affairs Unit*

# MEMORANDUM

TO:      Major B.K. Martin

FROM:   Lieutenant D. Ferguson

DATE:   December 31, 2014

RE:      Investigation and Disposition
            OPS File # 14-I-0635-UAF

An investigation of the allegations of this complaint and any other allegations, which arose during the investigation, has been completed.

The following represents the findings of this investigation:

## I.   INVESTIGATIVE DISPOSITION

Of the Complaint against:      Officer Mathieu Cadeau

[X]  **Sustained**          **4.1.03 Truthfulness**

[X]  **Not Sustained**     **4.2.50 Maltreatment or Unnecessary Force**

## II.   POLICY OR PROCEDURAL CHANGES, TRAINING, RECOMMENDATIONS, AND/OR COMMENTS

The Department requires an investigation into the allegation that Officer Cadeau used his city O.C. spray and denied using it when asked by his supervisor. Officer Cadeau later admitted to deploying his OC spray in order to break up a fight.

A review of the complaint file indicates the following:

1. On July 20, 2014, at 0228 hours, Officer Cadeau advised Radio of fight in progress at the Wet Willie's located at 2450 Piedmont Rd.

2. Sergeant Nikita Towns and Officer William Richards responded to Wet Willie's to assist Officer Cadeau.



3. While at the scene, several patrons advised Sergeant Towns that Officer Cadeau used his OC spray and their faces were burning as a result.

4. Sergeant Towns asked Officer Cadeau if he had deployed his OC spray and he replied he "did not."

5. Sergeant Towns asked Officer Cadeau again, this time in the presence of Officer Richards, if he had deployed his OC spray. Again he denied he did and suggested that perhaps it may have burst while in his pouch/holster.

6. Sergeant Towns request the assistance of Sergeant Ryan Heald. He responded and checked Officer Cadeau's OC spray, noting that it was half empty.

7. Officer Cadeau responded at that time, "Now that I think about it, I did deploy my OC spray."

8. Officer Cadeau did not notify radio that he had used his OC spray during the incident.

9. Officer Cadeau later elaborated to Sergeant Towns that he did deploy his OC spray when he was dealing with the crowd of customers fighting and he believed he was under attack from a patron.

10. Officer Cadeau stated to OPS, "I don't remember" when asked if he told Sergeant Towns that his OC spray burst in his holster. This statement was made in front of Officer Richards, too.

11. A use of force report was done by Sergeant Towns noting what Officer Cadeau advised her.

12. Grady EMS responded to the scene and treated several persons for exposure to OC spray.

13. Video footage of a crowd fighting inside Wet Willie's could be seen, but it does not display when Officer Cadeau deployed his OC spray.

Based upon my review of this file, I recommend that the allegation against Officer Cadeau for the alleged violation of work rule **4.1.03 Truthfulness**, be sustained. The work rule reads as following:

4.1.3     Truthfulness

　　　1.  Employees shall be truthful in their written and spoken words at all times.

Officer Cadeau initially stated he did not deploy his OC spray during his handling of a disturbance at the bar. Officer Cadeau even suggested that the OC spray inadvertently released itself while in his holster. When he was confronted with evidence of use, he changed his story and admitted to intentionally deploying his OC spray, in an attempt to defend himself. This is followed by a statement made to the Office of Professional Standards that "I don't remember" telling Sergeant Towns and Officer Richards the OC spray must have leaked while in his pouch.



Based upon my review of this file, I recommend that the allegation against Officer Cadeau for the alleged violation of work rule **4.2.50 Maltreatment or Unnecessary Force**, be not sustained. Officer Cadeau described a situation where he was involved in a large fight and he believed he was being attacked. By deploying his OC spray into the fighting crowd he hoped it would disperse the fighting. The amount of force Officer Cadeau used appeared to be reasonable and necessary.

_____

Lieutenant D. Ferguson
Commander, Internal Affairs Unit

This Investigation is:     [ ] Approved     [ ] Disapproved

By:     _____     1-6-15
              B.K. Martin           Date
            OPS Commander

Comments: _____

ORDER OF EXTENSION OF TIME
FOR FURTHER INVESTIGATION AND/OR CONSIDERATION

RE:  14-1-0635-UAF

Pursuant to the Labor-Management Relations Ordinance, I am extending the prescribed time

period for further investigation and/or proper consideration of an Proposed Adverse Action

involving   Ofc.Mathieu Cadeau   .
                    Name of Employee

This extension of time shall not exceed ten (10) days.  Accordingly, the proposed effective date of the

Adverse Action shall be extended to   2/17/15   .

Date   2/11/15   

_____
Signature of Disciplinary Authority
or Designee

Form APD-835 revised 1/1/2000



## City of Atlanta                    Internal Correspondence

Atlanta Police Department

# MEMORANDUM

**TO:**      Deputy Chief J. Spillane

**FROM:**    Major B. Martin *B.M.*

**DATE:**    January 16, 2015

**RE:**      Command Investigation of OPS Complaint File: 14-I-0635-UAF

**ATTENTION: Expedite Response, Return Complaint File by February 6, 2014**

This complaint of alleged misconduct on the part of **Officer Matheau Cadeau** has been investigated by this office. Sufficient facts were gathered and evidence collected to *Sustain* the allegation(s). Command is required to review and complete all sections of the disciplinary worksheet.

Please expedite your review and have the complaint file returned to the Office of Professional Standards on or before the date indicated above. Please keep in mind that APD.SOP. 2020 § Disciplinary Process requires the following:

*All citizen complaints, regardless of the nature of the complaint, shall be investigated and adjudicated within one hundred and eighty (180) days of the complaint. Failure to timely resolve citizen complaints may result in disciplinary action.*

Should you have any questions or concerns, please contact me directly.

Thank you.

### *Date Stamp the Appropriate Block*

| Delivered to Division | Delivered to Section | Returned to Division | Returned to OPS |
|---|---|---|---|
| | | | |

AclMemoSb



# ATLANTA POLICE DEPARTMENT
## DISCIPLINARY COMPLAINT FOLDER INDEX

EMPLOYEE NAME: Officer Mathieu Cadeau          OPS CONTROL #: 14-1-0635-UAF

| Item No. | Item | Number of Pages | Initials | Date |
|---|---|---|---|---|
| 1 | Disciplinary Complaint Folder Index | 1 | EM | 10/20/14 |
| 2 | Supervisor Complaint Investigation Checklist | 1 | EM | 10/20/14 |
| 3 | Preliminary Complaint Form | 1 | EM | 09/09/14 |
| 4 | Complaint Transmittal Summary Memorandum | 5 | EM | 10/20/14 |
| 5 | Sergeant N. Towns Allegation Memo | 1 | EM | 07/20/14 |
| 6 | Statement of Accused: Officer Mathieu Cadeau | 5 | EM | 10/09/14 |
| 7 | Statement of Witness: Officer William Richards | 3 | EM | 10/06/14 |
| 8 | Statement of Witness: Sergeant Ryan Heald | 3 | EM | 09/29/14 |
| 9 | APD Incident Report #142010370 | 3 | EM | 07/20/14 |
| 10 | Communications Report | 2 | EM | 09/23/14 |
| 11 | Supervisor's Use of Force Supplemental Form | 2 | EM | 09/09/14 |
| 12 | CD-911 Call | 1 | EM | 09/23/14 |
| 13 | DVD-Wet Willie's Surveillance | 1 | EM | 09/09/14 |
| 14 | Officer Mathieu Cadeau Extra Job Permit | 1 | EM | 10/20/14 |
| 15 | Email Correspondence | 3 | EM | 10/20/14 |
| 16 | MISC | 5 | EM | 10/20/14 |
| 17 | 60 Day Letter | 1 | EM | 10/20/14 |
| 18 | Investigative Notes | 1 | EM | 12/30/14 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

P-1-1-1

# ATLANTA POLICE DEPARTMENT
## SUPERVISOR COMPLAINT INVESTIGATION CHECKLIST

EMPLOYEE NAME: Officer Mathieu Cadeau          OPS CONTROL #: 14-I-0635-UAF

### INVESTIGATIVE FOLDER

- ☒ 1. Disciplinary Complaint Folder Index
- ☒ 2. Supervisor Complaint Investigation Checklist
- ☒ 3. Preliminary Complaint Form (For all formal complaints)
- ☐ 4. Citizen Statements (Where applicable)
- ☒ 5. Employee Statements
- ☐ 6. Complaint Investigation Disposition Form (Command Investigations) OR
     Complaint Transmittal Summary Memorandum (OPS Investigations)
- ☒ 7. Any Supporting Documentation (See below list)
  - ☒ Offense Report
  - ☐ Accident Report
  - ☐ Medical Release
  - ☒ Other
  - ☐ Lab Results
  - ☐ Photos
  - ☒ Video Tape/Audio Tape
  - ☐ Other

Investigator Emma Mills                    October 20, 2014
**Investigation Completed By**              **Date Completed**

### DETERMINE DISCIPLINARY ACTION

_____ 8. Disciplinary Worksheet (Filled out by supervisor)

### NON-ADVERSE ACTION

_____ 9. Oral Admonishment given to (Employee) _____ by
          (Supervisor) _____ for rule _____ on

_____ 10. Written Reprimand given to (Employee) _____ by
          (Supervisor) _____ for rule _____ on

I have received a copy of this form. _____ on _____
                          (Employee Name)          (Date)

### ADVERSE DISCIPLINARY ACTION

_____ 11. Notice of Proposed Adverse Action (NPAA) issued          (Date) _____

_____ 12. Extension of time form (When applicable)

_____ 13. Notice of Final Adverse Action (NFAA) issued          (Date) _____
          NFAA issued by (Name)

### PROACTIVE CORRECTIVE ACTION

_____ 14. Memorandum on Corrective Action (If applicable, includes counseling)
_____ 15. Training given on _____ for _____
_____ 16. Other

P - 2 - 1 - 1

Form APD-821 revised 11/24/03



# ATLANTA POLICE DEPARTMENT
# PRELIMINARY COMPLAINT FORM

| [X] OPS INVESTIGATION | [ ] COMMAND INVESTIGATION | COMPLAINT NUMBER 142010370 | OPS CONTROL NUMBER 14-1-0635-UAF |
|---|---|---|---|

| DATE & TIME COMPLAINT RECEIVED | | | | DATE OF INCIDENT | | | | ADDRESS OF OCCURRENCE |
|---|---|---|---|---|---|---|---|---|
| MO | DAY | YR | TIME | MO | DAY | YR | TIME | 2450 PIEDMONT RD ATLANTA, GA |
| 09 | 09 | 2014 | - | 07 | 20 | 2014 | 0228 | |

## BRIEFLY DESCRIBE ALLEGATIONS

| AUDIO AND VIDEO TAPES THAT ARE PART OF THIS FILE | | |
|---|---|---|
| VIDEO TAPES OF INTERVIEWS | AUDIO TAPES OF 911 RADIO | OTHER TAPES |

THE DEPARTMENT IS REQUESTING AN INVESTIGATION ON THE ALLEGATION THAT OFFICER MATHIEU CADEAU USED HIS CITY ISSUED O.C. SPRAY AND DENIED IT WHEN ASKED BY HIS SUPERVISOR. OFFICER M. CADEAU LATER ADMITTED TO DEPLOYING HIS O.C. SPRAY TO BREAK UP A FIGHT.

APD.SOP.2010/ 4.1.3 - Truthfulness
APD.SOP.2010/ 4.2.50 - Maltreatment or Unnecessary Force

"C" FOR COMPLAINANT, USE "P" FOR PARENT OR GUARDIAN, USE "W" FOR WITNESS, USE "S" FOR SUPERVISOR

| CODE | NAME (LAST, FIRST, MI) | | | RACE | SEX | DOB |
|---|---|---|---|---|---|---|
| S | APD | | | | | |

| RESIDENT ADDRESS | | HOME PHONE | BUSINESS PHONE |
|---|---|---|---|
| | | | |

| DESCRIBE INJURIES | HOSPITAL TAKEN TO | PHOTO ID # | SUSPECT WEAPON | WEAPON SERIAL # |
|---|---|---|---|---|
| | | | | |

| BIASED BASED INCIDENT DESCRIPTION | TYPE OF BIASED ALLEGATION | | | | |
|---|---|---|---|---|---|
| | AGE | RACE | SEXUAL ORIENTATION | GENDER | CLASS |

| ACCUSED #1 NAME (LAST, FIRST, MI) | | | RANK | RACE | SEX | DOB | DOE | 4 DIGIT ID NO |
|---|---|---|---|---|---|---|---|---|
| CADEAU, MATHIEU | | | OFF | B | M | 6 | 7/24/07 | 4844 |

| DIVISION | ASSIGNMENT SECTION | WATCH | DUTY STATUS | | | | WEAPON | FIREARMS DISCHARGE ONLY | |
|---|---|---|---|---|---|---|---|---|---|
| | | | ON DUTY | OFF DUTY | TMP ASGN | XTRA JOB | | WEAPONS SERIAL # | # SHOTS |
| FOD | 22 | MORN | | | | X | | | |

| DESCRIBE INJURIES | HOSPITAL TAKEN TO | PHOTO ID NO | TYPE OF DRUG TEST |
|---|---|---|---|
| N/A | - | - | - |

| ACCUSED #2 NAME (LAST, FIRST, MI) | RANK | RACE | SEX | DOB | DOE | 4 DIGIT ID NO |
|---|---|---|---|---|---|---|
| | | | | | | |

| DIVISION | ASSIGNMENT SECTION | WATCH | DUTY STATUS | | | | WEAPON | FIREARMS DISCHARGE ONLY | |
|---|---|---|---|---|---|---|---|---|---|
| | | | ON DUTY | OFF DUTY | TMP ASGN | XTRA JOB | | WEAPONS SERIAL # | # SHOTS |
| | | | | - | | | | | |

| DESCRIBE INJURIES | HOSPITAL TAKEN TO | PHOTO ID NO | TYPE OF DRUG TEST |
|---|---|---|---|
| | - | - | - |

| ACCUSED #3 NAME (LAST, FIRST MI) | RANK | RACE | SEX | DOB | DOE | 4 DIGIT ID NO |
|---|---|---|---|---|---|---|
| | | | | | | |

| DIVISION | ASSIGNMENT SECTION | WATCH | DUTY STATUS | | | | WEAPON | FIREARMS DISCHARGE ONLY | |
|---|---|---|---|---|---|---|---|---|---|
| | | | ON DUTY | OFF DUTY | TMP ASGN | XTRA JOB | | WEAPON SERIAL # | # SHOTS |
| | | | | | | | | | |

| DESCRIBE INJURIES | HOSPITAL TAKEN TO | PHOTO ID NUMBER | TYPE OF DRUG TEST |
|---|---|---|---|
| | | | |

| SUPERVISOR RECEIVING COMPLAINT | INVESTIGATOR ASSIGNED | DATE ASSIGNED | DATE COMPLETE |
|---|---|---|---|
| LT. J. WEBB | INV. E. MILLS | 09/09/14 | |

**TO:**     **LIEUTENANT D. FERGUSON**
**OFFICE OF PROFESSIONAL STANDARDS**
**INTERNAL AFFAIRS UNIT**

**I.**     **COMPLAINT CONTROL NUMBER:**   14-I-0635-UAF

   **A.**   **DATE OF COMPLAINT:**   September 09, 2014

   **B.**   **DATE OF OCCURRENCE:**   July 20, 2014

   **C.**   **COMPLAINT:**   WR.4.1.3-Truthfulness
WR 4.2.50-UAF

   **D.**   **COMPLAINANT:**   Atlanta Police Department

   **E.**   **ACCUSED:**   Officer Mathieu Cadeau

   **F.**   **WITNESSES**   Sergeant Nikita Towns
Sergeant Ryan Heald
Officer William Richards

**II.**     **INVESTIGATIVE SUMMARY:**

   **A.**   **COMPLAINT ALLEGATION:**

The department is requesting an investigation on the allegation that Officer Mathieu Cadeau used his city issued O.C. Spray and denied it when asked by his Supervisor. Officer Mathieu Cadeau later admitted to deploying his O.C. Spray to break up a fight.

**Sergeant Nikita Towns**

On July 20, 2014 Sergeant Nikita Towns responded to a dispute at the Wet Willie's located at 2450 Piedmont Rd. Sgt. N. Towns stated that several patrons advised that their faces were burning resulting from being sprayed with Officer Mathieu Cadeau's OC Spray.

INVESTIGATIVE SUMMARY:     # 14-I-0635-UAF
ACCUSED:     Officer Mathieu Cadeau
DATE:     October 14, 2014
PAGE 2

Sgt. N. Towns asked Officer Mathieu Cadeau if he "deployed his OC Spray." Officer Mathieu Cadeau advised that he "did not. His OC Spray was inside his pouch and believes it may have burst." Sgt. N. Towns asked Officer Mathieu Cadeau again in front of Officer William Richards, "if he had his OC Spray in his hands and again if he deployed his spray." Officer Mathieu Cadeau replied that "he did, not it was in his pouch and may have burst." Sgt N. Towns checked with communications and they advised that Officer Mathieu Cadeau did not advise that his OC Spray had been used. Officer Mathieu Cadeau completed his incident report at the Zone Two Precinct and afterwards apologized to Sgt. N. Towns for not telling the truth. After leaving the precinct. Officer Mathieu Cadeau called Sgt. N. Towns "distraught and advised that he was afraid right now of what may happen to him and advised that he failed everyone." Sgt. N. Towns called EAP and spoke to Darius Mitchell who provided a cell phone number for Officer Mathieu Cadeau. Sgt. N. Towns also notified Sgt. W. Dean assigned to OPS.

## B. ACCUSED EMPLOYEES' RESPONSE:

### Officer Mathieu Cadeau

On July 20, 2014, Officer Mathieu Cadeau was working a city approved extra job at the Wet Willie's located at 2450 Piedmont Rd. Officer Cadeau noticed a fight in the restaurant, pushed the fight outside, and noticed another altercation outside. Officer Cadeau went towards the fight yelling in an attempt to disperse the fight. Officer Cadeau stated that "during that time I remember placing my hand on my utility belt. Then I remember a fist coming across my direction. I then deployed my OC going from left to right in an area." Officer Cadeau stated that when Sergeant Nikita Towns approached him "in regards to the use of my OC Spray I did not realize that I used my OC." After a patron advised Officer Cadeau that he had been sprayed with OC Spray in the presence of Sgt. N. Towns, Officer Cadeau stated that he was able to think back and realize that he had used his OC Spray. When Sgt. N. Towns approached Officer Cadeau again, he retracted his original statement and advised her that he had deployed his OC Spray. Officer Cadeau did not remember if he advised Sgt. N. Towns that his OC Spray had burst in his pouch. Officer Cadeau maintains that "not at any time did I try covering up

that I used my OC." Officer Cadeau stated that he did not notify
radio when he deployed his OC Spray.

C.  **WITNESS (ES):**

**Officer William Richards**

On July 20, 2014, Officer William Richards did respond to Wet
Willie's to assist extra job unit, Officer Mathieu Cadeau. Officer
Richards stated that he assisted by "getting everybody that was
hanging out outside to leave the property." Officer Richards was
present when Sergeant Nikita Towns questioned Officer Cadeau in
reference to deploying his OC Spray. Officer Richards heard Sgt. N.
Towns "ask him what happened" and "if he used his OC Spray."
According to Officer Richards, Officer Cadeau's response to Sgt. N.
Towns first question " what happened" was "a couple of people were
fighting inside of the restaurant and then he attempted to separate
them and break it up." "When Sgt. Towns asked him if he used his
OC Spray he said no it went off when he was moving through the
crowd inside of the restaurant. He also stated that his OC Spray went
off while it was holstered in his pouch."

**Sergeant Ryan Heald**

Sergeant Ryan Heald was requested by Sergeant N. Towns to
respond to the Wet Willie's on Piedmont Rd. Sergeant Towns
advised that she needed Sgt Heald's "assistance on an incident
involving Officer Cadeau who was working an extra job at the
location." Sgt. Towns advised Sgt. Heald that patrons at the scene
informed her that they had been sprayed by Officer Cadeau, but
Officer Cadeau told her that he did not spray anybody at the location.
"To assist with her confusion, I then approached Officer Cadeau and
asked him if I could see his OC can. It seemed that it was half empty
I gave it back to him and told him that "this can is half full."'" Sgt.
Heald then asked Officer Cadeau if he had used his OC Spray and
"after doing movements with his hands" responded "maybe I did Sgt
now that I think about it." Then Sgt. Heald and Sgt. Towns
proceeded inside of the business to watch the surveillance video.

INVESTIGATIVE SUMMARY:    # 14-I-0635-UAF
ACCUSED:    Officer Mathieu Cadeau
DATE:    October 14, 2014
PAGE 4

## D. PHYSICAL EVIDENCE:

APD Incident Report #14-201-0370
CD of 911 Call
DVD of Wet Willie's surveillance
Extra Job Permit for Officer Mathieu Cadeau

## E. INVESTIGATIVE FINDINGS:

On July 20, 2014 at 0228 hours, Officer Mathieu Cadeau advised radio of a fight in progress at the Wet Willie's located at 2450 Piedmont Rd NE.

Sergeant Nikita Towns and Officer William Richards responded to Wet Willie's to assist Officer Mathieu Cadeau.

Several patrons advised Sergeant Nikita Towns that Officer Mathieu Cadeau had used his OC Spray and their faces were burning as a result.

Sergeant Nikita Towns asked Officer Mathieu Cadeau if he had deployed his OC Spray and he replied that he "did not."

In the presence of Officer William Richards, Sergeant Nikita Towns asked Officer Mathieu Cadeau again if he had deployed his OC Spray.

Officer William Richards heard Officer Mathieu Cadeau respond that he did not use his OC Spray, but it may have burst in his pouch/holster.

Sergeant Nikita Towns requested the assistance of Sergeant Ryan Heald who responded and checked Officer Mathieu Cadeau's can of OC Spray, noting that it was half empty.

Sergeant Nikita Towns and Sergeant Ryan Heald asked Officer Mathieu Cadeau again if he had deployed his OC Spray.

Officer Mathieu Cadeau responded "now that I think about it, I did deploy my OC Spray."

INVESTIGATIVE SUMMARY:    # 14-I-0635-UAF
ACCUSED:    Officer Mathieu Cadeau
DATE:    October 14, 2014
PAGE 5

Officer Mathieu Cadeau admits that he told Sergeant Nikita Towns that he did not use his OC Spray, but later recanted his statement after the patrons advised that they had been sprayed.

Officer Mathieu Cadeau did not notify radio that he had used his OC Spray when he reported the fight in progress.

This file is being submitted for your review and recommendations.

Respectfully,

Investigator Emma Mills
Internal Affairs Unit
Office of Professional Standards

# M E M O R A N D U M

**TO:**     Lieutenant. R. Vazquez

**FROM:**   Sergeant N. Towns

**DATE:**   July 20, 2014

**RE:**     Use of Force #142010370 / **Officer Mathieu Cadeau #4844**


On July 20, 2014 at approximately 0228 hours Extra Job Unit #4844, Officer CADEAU. advised radio of a dispute at Wet Willies Sports Bar and Resturant located at 2450 Piedmont Rd. Additional Units responded to the scene. Upon arrival, several people, including arestee Ms. Amber JACKSON and witness Mr. Pondcell SMITH advised that their faces were burning as a result of being sprayed by Officer CADEAU as he attempted to break up the fights. Grady was notifed and they responded to the location. I asked Officer CADEAU if he deployed his OC Spray and he advised that he did not. He stated that his OC Spray was inside his pouch and believes it may have burst. I later asked Officer CADEAU while in front of Officer RICHARDS, Unit #1213, if he had his OC spray in his hand and again if he deployed his spray and he advised that he did not it was in his pouch and may have burst.

Security Officer Mike Allen, who works at Wet Willies and Mr. DePerrio CAIN also advised that they witnessed Officer CADEAU deploy his OC Spray. I advised Sgt. HEALD of the situation and he responded to the scene. I asked Officer CADEAU again and he advised that "Now that I think about it, I did deploy my OC spray." Wet Willies Security advised that they had video cameras inside of the location and that they would be able to provide a copy if necessary. I checked with communications to determine if Officer CADEAU advised radio that his OC had been used. She advised that he did not.

Officer CADEAU came to the Zone 2 Precinct to complete his incident report. After submitting his report he appologized for not telling me the truth about deploying his OC Spray. After leaving the Zone 2 Precinct to go home, Officer CADEAU called me distraught and advised that he was afraid right now of what may happen to him and advised that he failed everyone. I called EAP and spoke with the on-call psychological services representative, Daruis MITCHELL, who provided a cell phone number which I provided to Officer CADEAU. The on call OPS Investigator, Sgt. DEAN, was also notified of the incident.

c:
Document1

EMPLOYEE: Officer Mathieu Cadeau

OPS # 14-I-0635-UAF

| EMPLOYEE NAME (LAST, FIRST, MI) | | | | CLASSIFICATION | POSITION NUMBER | DATE & TIME OF STATEMENT |
|---|---|---|---|---|---|---|
| Cadeau, Mathieu | | | | Officer | 4105 | 10/9/2014 4:10 PM |
| RACE | SEX | DOB | 56 | DATE OF EMPLOYMENT 07/24/07 | UNIT ID NO | DIVISION | SECTION | WATCH |
| B | M | | | | 4844 | FOD | Z2 | MORN |

I am Investigator E. Mills of the Atlanta Police Department. You are being questioned as an accused.
in an official investigation by the Department. Also present is: REPRESENTATIVES NAME:
Michael Pulliam

All employees must answer questions and make available relevant materials or sworn statements concerning an investigation of allegations of employee misconduct when directed to do so by a disciplinary authority or duly appointed investigator. Employees may obtain representation but cannot delay questioning for more than three hours beyond the time he or she was notified of the questioning. Except as authorized or required, an employee shall not interfere with nor contact persons involved in an internal investigation nor disclose or discuss with anyone except the designated Departmental authority the existence or facts of an internal investigation. This restriction will not be construed to prohibit an employee from discussing any aspect of the investigation with his or her representative. Administrative statements made by employees and evidence gained by reasons of such statements may not be used against the employee in criminal proceedings involving the employee except in cases of perjury.

Q: Were you working a city approved extra job at Wet Willie's on July 20, 2014?

A: Yes.

Q: Did you use your OC Spray while working your extra job?

A: Yes.

Q: Did you tell Sergeant N. Towns that you did not use your OC Spray?

A: Yes I did.

Q: Did you later retract your earlier statement and advise Sergeant N. Towns that you did use your OC Spray?

A: Yes I did.

Q: Did you notify radio that you had deployed your OC Spray?

A: No I did not.

I have read or had read to me the above statement and I swear or affirm that it is true to the best of my knowledge and belief.

EMPLOYEE SIGNATURE

Sworn and subscribed to me this 9th day of October in the year 2014

Officer Mathieu Cadeau
PRINT EMPLOYEE NAME

NOTARY PUBLIC

P - 16 - 1 - 5



# ATLANTA POLICE DEPARTMENT
## EMPLOYEE STATEMENT

**EMPLOYEE:** Officer Mathieu Cadeau                    OPS # 14-1-0635-UAF

**Q:** Did you attempt to render aid to any of the patrons that were affected by the OC Spray?

**A:** Yes I did.

**Q:** Would you like to add anything to your statement?

**A:** There was a fight at the restaurant and once the fight was pushed outside there was another fight that was started inside the restaurant. I went towards that fight yelling "Break it up! Police! Break it up! Get Away!" I was still moving toward the fight. During that time I remember placing my hand on my utility belt. Then I remember a fist coming across my direction. I then deployed my OC going from left to right in an area. I then backed up to looked to see if there was something else going on or coming at me. When Sgt Towns addressed me in regards to the use of my OC I did not realize that I used my OC. There was a patron that was there that stated that I got him with my OC. I responded by saying no I didn't. He said yes you did. And I said you have no residuals of OC. I said your eyes are wide open and there's nothing on your shirt. Then Sgt Towns walked away then I had time to think back on what had taken place and that is when I realized I used my OC. During that time when the victim was giving me a description of the arrestees that had attacked her. The arrestees where later found across the street at the Dunkin Donuts down the street that was nearby. I went to detain them. As I was moving towards them they started moving towards the elevator of a parking deck. I was able to stop them to confirm that they were the ones that attacked the victim. The victim confirmed that they were the ones that attacked her. I then made an arrest and that's when Grady was called to treat all parties involved. That's when I was able to think back of what happened. At the time when Sgt Towns initially asked did I deploy my OC, I did not realize that I did deploy until after being approached by the patron and after replaying the events in my mind. I realized that I deployed my OC and I advised Sgt Towns that I deployed my OC. Not at any time did I try covering up that I used my OC.

**Q:** Did you tell Sgt. Towns that your OC Spray burst in the holster or pouch?

**A:** I don't remember.

---

I have read or had read to me the above statement and I swear or affirm that it is true to the best of my knowledge and belief.

_[signature]_
EMPLOYEE SIGNATURE

Sworn and subscribed to me this ___9th___ day of ___October___ in the year ___2014___

Officer Mathieu Cadeau
PRINT EMPLOYEE NAME

_[signature]_
NOTARY PUBLIC

P - 6 - 2 - 5

Form APD826 revised 1/1/2000

# ATLANTA POLICE DEPARTMENT
## EMPLOYEE STATEMENT

**EMPLOYEE:** Officer Mathieu Cadeau

OPS # 14-I-0635-UAF

**Q:** How long after the fight was broken up did Sgt Towns arrive on scene?

**A:** I'm not sure. We still were dealing with the crowd, the victim, the arrestees, and the party that was with the arrestees.

**Q:** Was Sgt Towns present when the patron advised you that he had been sprayed with OC?

**A:** Yes she was.

**Q:** Have you been honest in making your statement today?

**A:** Yes.

**Q:** Be advised that should it become necessary in this investigation you may be directed to submit to a computer voice stress analysis exam per APD.SOP.3120. Do you acknowledge this official notification?

**A:** Yes I do.

---

I have read or had read to me the above statement and I swear or affirm that it is true to the best of my knowledge and belief.

EMPLOYEE SIGNATURE

Sworn and subscribed to me this ___9th___ day of ___October___ in the year ___2014___

Officer Mathieu Cadeau
PRINT EMPLOYEE NAME

NOTARY PUBLIC

P - 6 - 3 - 5

Form APD876 revised 1/1/2000



**ATLANTA POLICE DEPARTMENT**
Written Notice of Allegations

Employee: __Officer Mathieu Cadeau__    APD ID # __4844__    OPS#: __14-1-0635-UAF__

---

Allegation: (Type Allegation and Work Rule #)
The department is requesting an investigation on the allegation that Officer Mathieu Cadeau used his city issued OC Spray and denied it when asked by his Supervisor. Officer Mathieu Cadeau later admitted to deploying his OC Spray to break up a fight.
APD.SOP.2010/4.1.3-Truthfulness
APD.SOP.2010/4.2.50-Maltreatment or Unnecessary Force

---

According to APD.SOP.2020 your responsibilities, restrictions, and rights as an employee are:

**3.4 Employee Responsibilities**
All employees must answer questions and/or make available any relevant materials or sworn statements concerning an investigation of employee misconduct when directed to do so by a disciplinary authority or duly appointed investigator. Employees will provide all relevant information and materials and answer all questions honestly, completely, and to the best of their ability. An employee's refusal to cooperate and provide sworn statements, answers, or relevant materials during an investigation will result in disciplinary action, up to and including dismissal.
Any employee reporting for duty under the influence of any substance such as prescription medications, alcohol, over the counter medications, or other substances that, while legal, may adversely affect the judgment or performance of that employee during duty hours, must notify his or her immediate supervisor prior to commencing work.

**3.5 Employee Restrictions**
Except as authorized, in an investigation into employee misconduct, employees may not:
Interfere with the complaint investigation in any manner
Independently participate in the investigation
Be present during any investigative contact with a complainant or with witness involved in the investigation
Contact the complainant or witness concerning the allegations; or
Discuss the existence or facts of a complaint with anyone except designated Department authorities conducting the investigation. This restriction will not be construed to prohibit an employee from discussing any aspects of a complaint with his or her attorney or other representative, or to prevent his or her attorney from developing information for his or her defense.

**3.6 Employee Rights**
All employees have the right to have an attorney or other representative present during questioning in an administrative investigation. However, any employee who is either an accused employee or a witness in a complaint investigation may not act in the capacity of representative for any other employee being questioned as an accused or witness in that complaint investigation. An employee's representative shall be allowed to consult with the employee, and to object to questions, but shall not delay or interfere with the questioning process. Any objections to the form or content of the questions will be noted, but the employee shall still be required to answer fully and completely any and all questions presented during the investigation. An employee cannot delay questioning for more than three hours beyond the time he or she was given notice to appear for the questioning.
The employee being questioned as the accused will be issued the Written Notice of Allegations form (Form APD 848), which includes, but is not limited to a written statement of the allegation(s) and the employee's rights and responsibilities relative to the investigation against him/her prior to any questioning.
All employees who are subject to any form of discipline, whether non-adverse or adverse action, will be given written documentation of the disciplinary action taken. This written documentation must state the work rule which applies to the disciplinary action taken, information and/or documentation supporting the alleged work rule violation, and the disciplinary action that was taken. Employees must sign the written documentation stating that they have been notified of the disciplinary action taken. The employee's signature does not constitute an admission of guilt or wrongdoing, it serves only as receipt of the written documentation of disciplinary action and notification of the same.

The employee against whom a complaint has been filed may review the investigative folder upon completion of that investigation. The OPS commander will designate the area where the folder is to be reviewed and establish rules governing the review of the folder.

If the employee is being questioned as a suspect in a criminal investigation, the employee will be afforded complete Miranda Rights.

Administrative statements made by employees and evidence gained as a result of such statements shall not be used against the employee in criminal proceedings involving the employee except in cases of perjury.

---

I have received a copy of the allegation(s) and my rights and responsibilities relative to the investigation against me as the accused prior to any questioning.

Employee Signature/Date                    Witness/Date

P- 6-4-5



# ATLANTA POLICE DEPARTMENT
## Awareness Statement: Truthfulness

OPS Complaint #   14-I-0635-UAF

This statement form will be completed for every employee, accused or witness, in its entirety by the interviewer, and will be signed by the employee, prior to obtaining a statement for any allegation being investigated by the investigating authority.

I am aware that I will be **dismissed** for a Sustained violation of APD.SOP.2010, "Employee Work Rule" 4.1.03 (Truthfulness) which reads:

*"Employees will be truthful in their written and spoken words at all times."*

Do you understand this statement?    ☑ Yes     ☐ No

Officer Mathieu Cadeau
_____
(Employee's Printed Name)

_____
(Employee's Signature)

1/2/14
_____
(Date/Time)

Investigator Emma Mills
_____
(Interviewer's Printed Name)

*Emma Mills*
_____
(Interviewer's Signature)

10/09/14 @ 1551 hrs
_____
(Date/Time)

_____
(Witness Representative's Printed Name)

_____
(Witness Representative's Signature)

10/09/14   1551
_____
(Date/Time)

Form APD 853  Revised 7/14/09

P 6-5-5



# ATLANTA POLICE DEPARTMENT
## EMPLOYEE STATEMENT

**OPS # 14-I-0635-UAF**

### EMPLOYEE:

| EMPLOYEE NAME (LAST, FIRST, MI) | | CLASSIFICATION | POSITION NUMBER | DATE & TIME OF STATEMENT |
|---|---|---|---|---|
| Richards, William F | | Officer | 35162 | 10/6/2014 8:18 AM |

| RACE | SEX | DOB | | DATE OF EMPLOYMENT | 4 DIGIT ID NO. | DIVISION | SECTION | WATCH |
|---|---|---|---|---|---|---|---|---|
| W | M | | 90 | 11/17/2012 | 6118 | FOD | Z2 | MORN |

I am Investigator E. Mills of the Atlanta Police Department. You are being questioned as a witness.

in an official investigation by the Department. Also present is: **REPRESENTATIVES NAME** N/A

All employees must answer questions and make available relevant materials or sworn statements concerning an investigation of allegations of employee misconduct when directed to do so by a disciplinary authority or duly appointed investigator. Employees may obtain representation but cannot delay questioning for more than three hours beyond the time he or she was notified of the questioning. Except as authorized or required, an employee shall not interfere with nor contact persons involved in an internal investigation nor disclose or discuss with anyone except the designated Departmental authority the existence or facts of an internal investigation. This restriction will not be construed to prohibit an employee from discussing any aspect of the investigation with his or her representative. Administrative statements made by employees and evidence gained by reasons of such statements <u>may not</u> be used against the employee in criminal proceedings involving the employee except in cases of perjury.

Q:   Did you respond to Wet Willie's on July 20, 2014 to assist an extra job unit, Officer M. Cadeau?

A:   I did.

Q:   Did you hear Sergeant Towns ask Officer Cadeau questions regarding the incident?

A:   I did.

Q:   What did you hear?

A:   I heard her ask him what happened and I heard her ask him if he used his OC Spray.

Q:   How did you provide assistance once you arrived at Wet Willie's?

A:   Mainly just crowd control. Getting everybody that was hanging out outside to leave the property.

I have read or had read to me the above statement and I swear or affirm that it is true to the best of my knowledge and belief.

_____
EMPLOYEE SIGNATURE

Sworn and subscribed to me this  6th  day of  October  in the year  2014

Officer William F. Richards
PRINT EMPLOYEE NAME

P - 7 - 1 - 3

Form APD826 revised 1/1/2000



# ATLANTA POLICE DEPARTMENT
## EMPLOYEE STATEMENT

EMPLOYEE:

Q: How did Officer Cadeau respond to the questions asked by Sgt Towns?

A: The first question he said something about a couple of people fighting inside of the restaurant and then he attempted to separate them and break it up. When Sgt. Towns asked him if he used his OC Spray he said no it went off when he was moving through the crowd inside of the restaurant. He also stated that the OC Spray went off while it was holstered in his pouch.

Q: Would you like to add anything to your statement?

A: No.

Q: Have you been honest in making your statement today?

A: I have.

Q: Be advised that should it become necessary in this investigation you may be directed to submit to a computer voice stress analysis exam per APD.SOP.3120. Do you acknowledge this official notification?

A: I do.

I have read or had read to me the above statement and I swear or affirm that it is true to the best of my knowledge and belief.

_____
EMPLOYEE SIGNATURE

Sworn and subscribed to me this __6th__ day of __October__ in the year __2014__

Officer William F. Richards
PRINT EMPLOYEE NAME

P - 7 - 2 - 3

NOTARY PUBLIC

Form APD626 revised 1/1/2000



# ATLANTA POLICE DEPARTMENT
## Awareness Statement: Truthfulness

OPS Complaint #    14-I-0635-UAF

This statement form will be completed for every employee, accused or witness, in its entirety by the interviewer, and will be signed by the employee, prior to obtaining a statement for any allegation being investigated by the investigating authority.

I am aware that I will be **dismissed** for a Sustained violation of APD.SOP.2010, "Employee Work Rule" 4.1.03 (Truthfulness) which reads:

*"Employees will be truthful in their written and spoken words at all times."*

Do you understand this statement?    ☑ Yes    ☐ No

Officer William F. Richards
(Employee's Printed Name)

_____    _10/06/14    8:10am_
(Employee's Signature)                (Date/Time)

Investigator Emma Mills
(Interviewer's Printed Name)

_Emma Mills_                         _10/06/14  @ 0808_
(Interviewer's Signature)              (Date/Time)

_____
(Witness Representative's Printed Name)

_____    _____
(Witness/Representative's Signature)              (Date/Time)

Form APD 553   Revised 7/14/09         P-7-3-3

## ATLANTA POLICE DEPARTMENT
## EMPLOYEE STATEMENT

EMPLOYEE:

OPS # 14-1-0635-UAF

| EMPLOYEE NAME (LAST, FIRST, MI) Heald, Ryan J. | | | | CLASSIFICATION Sergeant | POSITION NUMBER 10215 | DATE & TIME OF STATEMENT 9/29/2014 12:21 PM |
| --- | --- | --- | --- | --- | --- | --- |
| RACE W | SEX M | DOB /75 | DATE OF EMPLOYMENT 02/28/06 | 4 DIGIT ID NO. 4441 | DIVISION FOD | SECTION Z2 — WATCH FIT |

I am Investigator E. Mills of the Atlanta Police Department. You are being questioned as a witness.

in an official investigation by the Department. Also present is: REPRESENTATIVES NAME:
N/A

All employees must answer questions and make available relevant materials or sworn statements concerning an investigation of allegations of employee misconduct when directed to do so by a disciplinary authority or duly appointed investigator. Employees may obtain representation but cannot delay questioning for more than three hours beyond the time he or she was notified of the questioning. Except as authorized or required, an employee shall not interfere with nor contact persons involved in an internal investigation nor disclose or discuss with anyone except the designated Departmental authority the existence or facts of an internal investigation. This restriction will not be construed to prohibit an employee from discussing any aspect of the investigation with his or her representative. Administrative statements made by employees and evidence gained by reasons of such statements may not be used against the employee in criminal proceedings involving the employee except in cases of perjury.

Q: Did you respond to Wet Willie's on July 20, 2014 at the request of Sergeant N. Towns?

A: Yes.

Q: What were you advised by Sergeant Towns?

A: I was advised by Sgt. Towns that she needed my assistance on an incident involving Officer Cadeau who was working an extra job at the location. She stated to me that she needed my assistance in regards to a statement that Officer Cadeau had made to her about using or not using force at the location by OC Spray.

Q: Did you question the extra job unit, Officer Cadeau, once you arrived?

A: I did after briefly speaking with Sgt Towns who had advised me that she had asked Officer Cadeau if he had sprayed anyone at the scene because she was informed by patrons at the scene that Officer Cadeau had deployed his OC spray at the scene. She stated to me that Officer Cadeau told her that he did not spray anybody at the location. To assist with her confusion, I then approached Officer Cadeau and asked him if I could see his OC can. It seemed that it was half empty I gave it back to him and told him that "this can is half full." I then asked Officer Cadeau if he sprayed

I have read or had read to me the above statement and I swear or affirm that it is true to the best of my knowledge and belief.

_Sgt. R. Heald_
EMPLOYEE SIGNATURE

Sworn and subscribed to me this __29th__ day of __September__ in the year __2014__

Sergeant Ryan Heald
PRINT EMPLOYEE NAME

NOTARY PUBLIC

P - 8 - 1 - 3

EMPLOYEE:                                                    OPS # 14-J-0635-UAF

anybody at the location. He said to me after doing movements with his hands "maybe I did Sgt now that I think about."

Q:    Then what did you do?

A:    Then Sgt Towns and I went inside of Wet Willie's and viewed the video. I talked to the patrons right after I talked to Officer Cadeau and immediately before Sgt. Towns and I went inside to watch the video.

Q:    Would you like to add anything to your statement?

A:    No.

Q:    Have you been honest in making your statement today?

A:    Yes.

Q:    Be advised that should it become necessary in this investigation you may be directed to submit to a computer voice stress analysis exam per APD.SOP.3120. Do you acknowledge this official notification?

A:    Yes.

---

I have read or had read to me the above statement and I swear or affirm that it is true to the best of my knowledge and belief.

_EMPLOYEE SIGNATURE_

Sworn and subscribed to me this   29th   day of   September   in the year   2014

Sergeant Ryan Heald
PRINT EMPLOYEE NAME                    NOTARY PUBLIC

P - 8 - 2 - 3

Form APD626 revised 1/1/2000



# ATLANTA POLICE DEPARTMENT
## Awareness Statement: Truthfulness

OPS Complaint #    14-I-0635-UAF

This statement form will be completed for every employee, accused or witness, in its entirety by the interviewer, and will be signed by the employee, prior to obtaining a statement for any allegation being investigated by the investigating authority.

I am aware that I will be **dismissed** for a Sustained violation of APD.SOP.2010, "Employee Work Rule" 4.1.03 (Truthfulness) which reads:

*"Employees will be truthful in their written and spoken words at all times."*

Do you understand this statement?     ☒ Yes        ☐ No

Sergeant Ryan J. Heald
_____
(Employee's Printed Name)

_Sgt. R. Heald_          9/29/14    1209 hrs
_____     _____
(Employee's Signature)              (Date/Time)

Investigator Emma Mills
_____
(Interviewer's Printed Name)

_Emma Mills_            9/29/14 @; 1208 hrs
_____     _____
(Interviewer's Signature)           (Date/Time)

_____
(Witness Representative's Printed Name)

_____     _____
(Witness/Representative's Signature)    (Date/Time)

## ATLANTA POLICE DEPARTMENT
### Offense Report
### INCIDENT NUMBER: 142010370-00
### *** CONTAINS DRAFT INFORMATION ***

*INCIDENT INFORMATION*

```
********DRAFT********
Date Reported: 07/20/2014                 Time: 0500
Report Officer: 4844 (CADEAU)
Date Occurred: 07/20/2014      Time:          0240
Location: 2450 PIEDMONT RD     Pref:                    Apt:
City: ATLANTA                  State: GA                Zip: 30326-
Latest Poss Date: 7/20/2014    Time:          0245
Associated Offense #:
Rpt District:  211             Beat:          211       Shift:  .        M
Command Area:  02
Damage Prop:                   Stolen Property:         Stolen Vehicle:
Disposition:                   Disposition Date:
```

*OFFENSES*

```
Offense: 5311  (DISORD CONDUCT)
         IBR Code: 5311  Att/Comp: C  UCR: 2400  UCR Arson: 0
```

*VICTIM*

```
********DRAFT********
Name: TAYLOR -SANTIAGO, DOMINIQUE
Juvenile: NO
Address:  2337 ROSEDALE RD  SNELLVILLE, GA 30078
Bldg:    Apt #:
Contact: (404) 993-7784    SSN:          DOB:    /1986    Sex:  F   Race: B
DL Number:                 State: GA     Hgt: 5'04  Wgt: 110  Hair: BLK  Eyes: BRO
Employer:                  Contact:
Emp Addr:
Bldg:    Apt #:
```

```
********DRAFT********
Name: PADILLA SANTIAGO, NEFTHALI
Juvenile: NO
Address:  851 SHORE DR  LITHONIA, GA 30058
Bldg:    Apt #:
Contact: (404) 993-7784    SSN:          DOB:    /1984    Sex:  M   Race: H
DL Number:                 State: GA     Hgt: 5'09  Wgt: 160  Hair: BLK  Eyes: BRO
Employer:                  Contact:
Emp Addr:
Bldg:    Apt #:
```

*ARREST*

```
********DRAFT********
Arrest#:
Name: BILLINGS, COURTNIE
Dispo:                        Citation#:
Juvenile: NO
Address:  712 TUGGLE ST  WINDER, GA 30680
```

P-9-1-3

ATLANTA POLICE DEPARTMENT
Offense Report
INCIDENT NUMBER: 142010370-00
*** CONTAINS DRAFT INFORMATION ***

Bldg:     Apt #:
Phone:                      SSN:            DOB:    1991      Sex:  F    Race: B
DL Number:                  State: GA       Hgt:    Wgt:      Hair: RED  Eyes: BRO
Employer:                   Phone:
Emp Addr:
Bldg:     Apt #:
Arr Date:  07/20/2014
-------------CHARGES-------------
106-81.3 (DC SECTION 3 - FIGHTING)          Counts: 2

*******DRAFT*********
Arrest#:
Name:  JACKSON,AMBER
Dispo:                                      Citation#:
Juvenile: NO
Address:   212 TUGGLE ST   WINDER, GA 30680
Bldg:     Apt #:
Phone:                      SSN:            DOB:    1990      Sex:  F    Race: B
DL Number:                  State:          Hgt:    Wgt:      Hair: BLN  Eyes: BRO
Employer:                   Phone:
Emp Addr:
Bldg:     Apt #:
Arr Date:  07/20/2014
-------------CHARGES-------------
10-9 (DISORDERLY WHILE UNDER INFLUEN)       Counts: 2


NARRATIVE

On July 20th 2014 at approximately 2:40am while working an extra job at 2450 Piedmont Rd: Wet Willies Sports Bar and Restaurant I, Ofc M Cadeau, observed two physical altercations taking place. The first altercation took place at the exit door area. The security and I disbursed the crowd out to the sidewalk. I gave verbal commands to disburse and request assistance from on-duty officers.

During that time I observed the second altercation taking place inside of the establishment involving Mr. Nefthali Padilla-Santiago (Victim2), Mrs. Dominique Taylor-Santiago (Victim1), Ms. Amber JACKSON (Arrestee1), and Ms. Courtnie BILLINGS (Arrestee2). I went over to the area to separate those involved. I gave verbal commands of "POLICE, POLICE, GET AWAY, GET AWAY, BREAK IT UP, POLICE, MOVE, MOVE!!!!" I extended my arms to separate and to create space. The party did not comply to the commands given. I observed a punch come across my direction. I administered my OC spray into the crowd for safety. Grady EMS 376 was on scene.

The parties involved were last seen around the corner at the Dunkin Donuts parking lot. I went over to the area to locate the arrestees. I saw the two described arrestees with their group. When they saw me coming towards their direction they began to move away heading towards the elevator of the parking deck. Verbal command of STOP was given. They did not stop to verbal commands. I prevented the elevator doors from closing and detained Ms. JACKSON and Ms. BILLINGS for positive identification by the victim's. The

P-9-2-3

ATLANTA POLICE DEPARTMENT
Offense Report
INCIDENT NUMBER: 142010370-00
*** CONTAINS DRAFT INFORMATION ***

arrestees were identified.

Mrs. Santiago stated that a male gave an unwanted touch to her buttocks. She told her husband Mr.
Santiago what took place. Mr. Santiago confronted a person. Mrs. Santiago along with their party attempted to
leave from the entrance door of the restaurant when they were confronted by a black female wearing black
shorts, black and white top, with long red hair who was identified as Ms. BILLINGS and another black female
wearing a grey dress with a black stripe going down the back, with blonde hair who was identified as Ms.
JACKSON. Ms. BILLINGS placed her open hand on the facial area of Mr. Santiago. Mrs. Santiago intervened
and received a closed fist to her facial area by Ms. BILLINGS. Ms. JACKSON jumped in and assisted Ms.
BILLINGS in fighting Mrs. Santiago.

I spoke with one the of the employees who observed the incident. They confirmed that Ms. BILLINGS
threw the first punch at Ms. Santiago.  I observed swelling to the top facial area of Mrs. Santiago. I smelled a
strong odor of alcoholic beverage on Ms. JACKSON's person.

Grady 376 administered medical care to all parties. All parties refused further medical attention.

Ms BILLINGS was arrested and charged with Disorderly Conduct-Fighting. Ms. JACKSON was
arrested and charged with Disorderly While Under the Influence of Alcohol. Both parties were transported to
jail.

Sgt N Towns on scene.

OFFENSE REPORT #142010370-00 REVIEWED BY

OFFENSE REPORT #142010370-00 APPROVED BY

## ATLANTA POLICE DEPARTMENT
### Call For Service
### Incident Number: 142010370

### Call Information

Call Type: FIGHT IN PROGRESS  Priority: 3 20 MINUTE RESPONSE Date: 07/20/2014

Location: 2450 PIEDMONT RD NE                    Pref: Apt:
City: ATLANTA                State:              Zip:
CA: 02                       Rpt Dist: 211       Beat: 211

Call Taken By       : 5136 WINBUSH, M
Call Dispatched By : 5136 WINBUSH, M

Report Required : Y

Disposition: 17T TASER DEPLOYMENT
Disposition Remarks:

### Caller Information

Call Source: SELF INITIATE
Caller:                    Phone:
Address:

### Related Incident Numbers

Police:         Sheriff:        Fire:           EMS:

### Incident Times

E911:              Received: 02:28:24   Dispatch: 02:28:24   En Route:
Arrive: 02:28:24   Transport:           INCIDENT:            Cleared: 06:28:36

### Unit Information

Pri Unit: 4844X    Officers: CADEAU, MATHIEU
Sec Unit: 1211
Sec Unit: 1213

### Unit Times

| Unit ID | CMD | Date/Time | Remarks |
|---------|-----|-----------|---------|
| 1213 | BU | 7/20/2014 2:28:45 AM | 2450 PIED |
| 1213 | EN | 7/20/2014 2:28:45 AM | 2450 PIED |
| 1213 | RL | 7/20/2014 2:29:07 AM | 2450 PIEDMONT RD NE |
| 1213 | A  | 7/20/2014 2:29:10 AM | 2450 PIEDMONT RD NE |
| 1211 | BU | 7/20/2014 2:29:28 AM | 2450 PIEDMONT RD NE |
| 1211 | EN | 7/20/2014 2:29:28 AM | 2450 PIEDMONT RD NE |
| 1211 | A  | 7/20/2014 2:29:29 AM | 2450 PIEDMONT RD NE |
| 1211 | C  | 7/20/2014 2:35:42 AM | CT=29 |
| 1213 | AM | 7/20/2014 3:15:30 AM | 2450 PIEDMONT RD NE |
| 1213 | C  | 7/20/2014 4:02:07 AM | CT=29 |

### CAD Narrative

Date/Time                Remarks
7/20/2014 2:28:24 AM   ADV A S29 AT LOC...ET UNIT OK 0230HRS 2450 PIED BF MID 2CS INJURIES

P-10-1-2

ATLANTA POLICE DEPARTMENT
Call For Service
Incident Number: 142010370

TO
7/20/2014 2:28:24 AM     HEAD WHILE EXITING THE BUSN FM A/C/B REQ A 54...20YO FM HEAD
7/20/2014 2:28:56 AM   M LOC : 2450 PIED -> 2450 PIEDMONT RD NE
7/20/2014 2:28:56 AM   M CITY: -> ATL
7/20/2014 2:28:56 AM   M RD  : -> 211
7/20/2014 2:28:56 AM   M BEAT: -> 211
7/20/2014 2:28:56 AM   M DHPT: ->  P

| Officer's Name (Last) Cedeau | First Mathieu | M.I. | Unique ID 4844 | Incident/CICA Number 142010370 |
|---|---|---|---|---|
| Initial Signal on call? 29 | Division FOD | Section Zone 2 | Unit/Watch Morning | Initial Signal on call? 29 |

| Suspect's Name (Last) Billings | First Courtnie | MI | Race B | Gender F |
|---|---|---|---|---|
| Date of Birth 1991 | Age 23 | Height | Weight | |

## Force Used

Method of Force Used: ☐ Physical Force ☒ OC ☐ ASP ☐ Firearm ☐ ECD ☐ Other (describe):

Were any other officers involved in the use of force? ☐ Yes ☒ No (if yes, list below)

Did force ease arrest? (explain below) ☒ Yes ☐ No

## OC Spray

Did any other officer spray? ☐ Yes ☒ No (if yes, who?)

Were any bystanders affected by spray?. ☒ Yes ☐ No (if yes, explain below)

Did spray ease arrest? (explain below) ☒ Yes ☐ No

While on an extra job, Officer CADEAU deployed his OC spray into a large crowd to to gain control of two physical altercations

Did canister operate properly? ☒ Yes ☐ No (if no, explain below)

Were you or other officers affected by spray? ☐ Yes ☒ No

Describe Injuries:

## ASP Baton

Did any other officer use ASP during arrest? ☐ Yes ☐ No

List officers involved:

Did ASP usage ease arrest? (explain below) ☐ Yes ☐ No

Did ASP operate properly? ☐ Yes ☐ No (if no, explain below)

Injuries? ☐ Yes ☐ No

Describe Injuries:

## Electronic Control Device (ECD)

ECD Serial Number.

Did the deployment of the ECD bring the Suspect under control?

☐ Yes . ☐ No (explain below)

ECD Deployment Method Used ☐ Probes ☐ Drive Stun ☐ Both ☐ Other (if no, explain below)

How many probes made contact with the skin or clothing of the Suspect?

What was the approximate distance in feet the officer was from suspect at time of ECD deployment?

List Medical Personnel that removed probes from Suspect.

List all (if any) physical effects the probes had on the Suspect.

| Was Audio and Video data downloaded from the deployed ECD to Evidence.com ☐ Yes ☐ No (if yes, downloaded by whom) | | 1. Use a "X" on the diagram to indicate the points of impact of all probes that made contact with the Suspect. 2 Comments |
|---|---|---|



Form: APD 809 Revised 2/22/13

P-11-1-2

## Firearms

| | | |
|---|---|---|
| Department issued weapon? ☐ Yes ☐ No | Approved extra weapon? ☐ Yes ☐ No | Other? ☐ Yes ☐ No (explain below) |

Weapon: make / model / serial number / caliber / capacity

Other:

| Did weapon operate properly? ☐ Yes ☐ No (If no, explain below) | How many officers involved in incident? | Injury to officer? ☐ Yes ☐ No |
|---|---|---|

Describe injuries:

## Firearm Discharge

| Type of Discharge: | Number of Rounds Discharged: |
|---|---|
| Accidental ☐    Intentional ☐ | |

| Number of Hits: | | Number of Misses | | Range: | |
|---|---|---|---|---|---|
| | Target Hit: | Person Wounded: | Person Deceased: | Head | Location of Wound: |
| None | Yes ☐   No ☐ | | | Chest | Arm ☐   Side ☐ |
| Person | Yes ☐   No ☐ | Yes ☐   No ☐ | Yes ☐   No ☐ | | Leg ☐ |
| Vehicle | Yes ☐   No ☐ | | | Stomach ☐   Back ☐ | |
| Structure | Yes ☐   No ☐ | Animal Deceased: | | | |
| Animal | Yes ☐   No ☐ | Yes ☐  No ☐     If yes what kind? _____ | | | |
| Other | Yes ☐   No ☐ | | | | |

**Investigating Supervisor's Findings:**
On July 20, 2014 Officer CADEAU was working an extra job at Wet Willies located at 2450 Piedmont Rd. He advised that he witnessed two physical altercations taking place. He further advised that attempted to break up a fight between the arrestee and other parties who did not comply to his his verbal comands of "POLICE, POLICE, GET AWAY, BREAK IT UP, POLICE, MOVE, MOVE!!!" He advised that during the commotion he observed a punch come across in his direction. Initially Officer CADEAU denied administering his OC spray but later admitted that he administered his OC spray into the crowd for safety. Grady Units responded to the scene and evaluated injuries from the altercation and OC deployment. Security at the establishment allowed me to view video footage of the incident in which you could see a disturbance involving several persons inside of the establisment out numbering Officer CADEAU.

**Did Officer pull –in with correct disposition to Communications?**
☐ Yes ☐ Code – 17F ☒ Code – 17T ☐ Other (List )
☒ No (If No, list reason)

---

**Form to be Completed by Supervisor**

| | | | |
|---|---|---|---|
| _(signature)_ | 7/20/14 | _(signature)_ | 7/21/14 |
| Investigating Supervisor's signature | Date | Watch Commander's signature | Date |
| Unique ID 3343 | | Unique ID ____ | |
| _(signature)_ | 7/21/14 | _(signature)_ | 07-21-14 |
| Assistant Zone Commander's signature | Date | Section Commander's signature | Date |
| Unique ID ____ | | Unique ID ____ | |

Forward original supplement form to:     ☐ Central Records

P. 11.2-2

# ATLANTA POLICE DEPARTMENT
## Extra Job Permit/Request

ame: _Cadeau, Mathieu_   If Sworn, Rank: OFC   If Civilian, Title: _____
(Typed or Printed Only-Last, First, MI)

irth Month and Day of Employee: ▓▓▓▓

nique ID: 4844   Date Filed: 5/8/14   Division: FOD   Section: Zone 2   Unit: Morning

### Employment Type: (Check One)

[ ] Type I (Not law enforcement related in any way, not required to be in city, recurring or non-recurring in nature)
[ ] Type II (Law enforcement related, use of law enforcement powers anticipated or expected, non-recurring in nature)
[✗] Type III (Law enforcement related, use of law enforcement powers anticipated or expected, recurring in nature)
[ ] Type IV (Law enforcement related, use of law enforcement powers not anticipated or expected)
[ ] Type V (Non-recurring major event, law enforcement related, use of law enforcement powers anticipated or expected)
   If Type V, Staff Inspections Unit (SIU) Permit/Request Control Number: _____ (Coordinator must obtain number from the SIU prior to
   agreeing to an Extra Job contract or otherwise initiating the Extra Job activity)

### Name and Address of Extra Job Employer/Company

_Wet Willies_   _2450_ _Piedmont Rd_   _Atlanta_   _GA_ _30308_
mployer/Company Name   Number  Street   Dir. City   State  Zip

_Wm. Ken Smith_   _(678) 749-0750_
mployer/Company Supervisor's Name   Phone Number   Actual Address of Extra Job Location (if different from above)

_Zone 2_
one Location of Extra Job   Rank & Name of APD Coordinator (Supervisor)   Rank & Name of APD Point of Contact

### Type of Business or Activity of Employer/Company (Check Appropriate Boxes)

| | | | | |
|---|---|---|---|---|
| [ ] Bank | [ ] Construction | [ ] Motorcycle Escort | [ ] Retail Store | [ ] Sporting Event |
| [ ] Church | [ ] Court | [ ] Movie Production | [ ] School | [ ] Street Event |
| [✗] Civic/Neighborhood Org | [ ] Courtesy Officer | [ ] Night Club | [ ] Security | [ ] Other |
| [ ] Concert/Theater | [ ] Executive Protection | [✗] Restaurant | [ ] Shopping Mall | [ ] Utility Company |

### Responsibilities (Check Appropriate boxes)

| | | | |
|---|---|---|---|
| [ ] Consultant/Instructor | [ ] Patrol | [✗] Security | [ ] Traffic | [ ] Other |
| | [ ] Residential | [ ] Inside Business | [ ] City Street | |
| | [ ] Business District | [✗] Outside Business | [ ] Parking Lot | |
| | [✗] Class A Uniform | [ ] Uniform Other than Class A | | |

### Work Schedule

I expect to work this job only on the date(s) shown here: _____ OR as needed until: 8/8/14

### Statement of Understanding

I affirm that the above information is true and correct and is not in conflict with APD.SOP.2010, Work Rule 4.2.38 (Outside Employment), APD.SOP.2060
(Extra Jobs), or any other Department rules, regulations and directives governing extra jobs. I understand I am required to submit the issued green version
of the Extra Job Activity Report (APD-728) to my unit commander
for forwarding to SIU for any type II, III, and V Extra Jobs.

Employee's Signature _[signature]_   Date _5/8/14_

| Recommendations: | Approved | Disapproved | Unique ID | Signature | Date |
|---|---|---|---|---|---|
| Immediate Supervisor | [✗] | [ ] | 0055 | [signature] | 05/08/14 |
| Unit Commander | [✗] | [ ] | 0019 | [signature] | 05/8/14 |
| Section Commander | [✗] | [ ] | 0893 | M ___ V Hobbs | 5/9/14 |
| Division Commander | [✗] | [ ] | 084X | [signature] Spillane | 16 May 2014 |

Unit Commander's Signature certifies that the employee's work performance is satisfactory.

White: Staff Inspections Unit   Canary: Section Commander   Pink: Employee's Final Permit   Goldenrod: Employee's Temporary Permit

Form APD 727   Revision 5/14/08

P 14-1-1

**Mills, Emma**

| | |
|---|---|
| From: | Towns, Nikiya D. |
| Sent: | Saturday, September 20, 2014 12:58 AM |
| To: | Mills, Emma |
| Subject: | RE: OPS File #14-I-0635-UAF |

Hi – Pondcell Smith (678)975-1733

**Sergeant N. D. Towns**
Atlanta Police Department
Zone 2 Precinct |3120 Maple Dr. NE
Phone: 404.848.7231
Fax: 404.848.7202
ndtowns@atlantaga.gov
**Atlanta Police Department** | ZONE TWO PRECINCT

*City of Atlanta*

**From:** Mills, Emma
**Sent:** Friday, September 19, 2014 1:12 PM
**To:** Towns, Nikiya D.
**Subject:** RE: OPS File #14-I-0635-UAF

Sergeant Towns,

Sorry, I have one more question. I see that a witness, Mr. Pondcell Smith, complained that his face was burning from the OC Spray. What I don't see in Officer Cadeau's police report is any information for Mr. Smith. Do you have any information for Mr. Smith?

**From:** Towns, Nikiya D.
**Sent:** Friday, September 19, 2014 3:44 AM
**To:** Mills, Emma
**Subject:** RE: OPS File #14-I-0635-UAF

Mr. Cain was a bystander, all I have is the following phone number for him: (678)897-8904.

**Sergeant N. D. Towns**
Atlanta Police Department
Zone 2 Precinct |3120 Maple Dr. NE
Phone: 404.848.7231
Fax: 404.848.7202
ndtowns@atlantaga.gov
**Atlanta Police Department** | ZONE TWO PRECINCT

*City of Atlanta*

P 15-1-3

**Mills, Emma**

From:           Towns, Nikiya D.
Sent:           Wednesday, September 17, 2014 2:21 PM
To:             Mills, Emma
Subject:        RE: OPS File #14-I-0635-UAF

Hi,
Officer Richard's first name is William. My notes regarding the incident are at work - regarding Mr. Cain. I don't return until tomorrow night.

From: Mills, Emma
Sent: Wednesday, September 17, 2014 9:58 AM
To: Towns, Nikiya D.
Subject: OPS File #14-I-0635-UAF

Sergeant Towns,

I have been assigned OPS File#14-I-0635-UAF with Officer Mathieu Cadeau as the accused. In your memorandum you referred to Officer Richards, unit 1213, and a Mr. Deperrio Cain. Can you advise the first name of Officer Richards? Also was Mr. Cain a security officer for Wet Willies or a bystander?

Thanks for your Assistance!

Investigator Emma Mills
Atlanta Police Department
Office of Professional Standards
950 Joseph E. Lowery Blvd NW Suite 16
Atlanta, GA 30318
404-546-5945
emills@atlantaga.gov

WARNING: This email and any attachments are UNCLASSIFIED//FOR OFFICIAL USE ONLY (APD). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with SOP policy relating to dissemination of information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized APD official. No portion of this email should be furnished to the media, either in written or verbal form. If you are not an intended recipient or believe you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use this information. Please inform the sender that you received this message in error and delete the message from your system.

P. 15-2-3

**From:** Mills, Emma
**Sent:** Wednesday, September 17, 2014 9:59 AM
**To:** Towns, Nikiya D.
**Subject:** OPS File #14-I-0635-UAF

Sergeant Towns,

I have been assigned OPS File#14-I-0635-UAF with Officer Mathieu Cadeau as the accused. In your memorandum you referred to Officer Richards, unit 1213, and a Mr. Deperrio Cain. Can you advise the first name of Officer Richards? Also was Mr. Cain a security officer for Wet Willies or a bystander?

Thanks for your Assistance!

Investigator Emma Mills
Atlanta Police Department
Office of Professional Standards
950 Joseph E. Lowery Blvd NW Suite 16
Atlanta, GA 30318
404-546-5945
emills@atlantaga.gov

**WARNING:** This email and any attachments are UNCLASSIFIED//FOR OFFICIAL USE ONLY (APD). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with SOP policy relating to dissemination of information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized APD official. No portion of this email should be furnished to the media, either in written or verbal form. If you are not an intended recipient or believe you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use this information. Please inform the sender that you received this message in error and delete the message from your system.

# ATLANTA POLICE DEPARTMENT
## Borrowed Personnel Report

| Employee's Name | Position Number | Borrowed From | Date | FROM | TO | TOTAL | Nature of Assignment |
|---|---|---|---|---|---|---|---|
| Officer William Richards | 35162 | Z2 | 10/06/14 | 0700 | 0900 | 2 | OPS Statement |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

*This employee was borrowed by the Office of Professional Standards. The hours reported as worked by this employee are complete and accurate.*

| Signed | Investigator Emma Mills | Date | 10/6/14 |
|---|---|---|---|

*This space intentionally left blank*

P - 16 - 1 - 5





# Atlanta Police Department
Incident Recording Request Form

| REQUEST FOR TAPE RECORDINGS | | | | |
|---|---|---|---|---|

Atlanta Police Department audio recordings are preserved for a minimum of 120 days. A Police Officer must request tape recordings through their Supervisor. The recordings are captured via DVD recording. All fields must be filled in completely, before this request can be processed, return to the Communications Administrative Office.

| Citizen/Supervisor/Investigator Name: | Investigator Emma Mills | (Circle choice) Shift: Day |
|---|---|---|
| Today's Date: 09/22/2014 | | Assignment: OPS |
| Contact Telephone # 404/546-5945 | | |

| Location and CAD Incident #: | 2450 Piedmont Rd NE/ 14-201-0370 | | |
|---|---|---|---|
| Date of the Incident: | 07/20/2014 | Time of Incident: | 0228 |
| Times needed on Tape: | 0228-0400 | | |
| Employees / Units Involved: | 4844X | | |
| Circle selection requested: | Audio Tape ☑Yes ☐No | Printout of Incident Needed ☑Yes ☐No | Request # 1 |

Explain in detail what to research on tape: Extra Job unit #4844X S29 Call for Service

| ****Office Use Only**** | | | | | |
|---|---|---|---|---|---|
| Received via what method: | Fax: | Mailed: | Walk-In: | Date: | Time: |
| Request Assigned to: CADS Room | | | Deadline: | | |

## TAPE ROOM / CAD PERSONNEL

If information not available, please explain:

| Tape #: | # of tapes attached: | Person Completing Tape: | |
|---|---|---|---|
| Time spent processing: | | Cost: $ | (Computed by Public Affairs) |
| Date / Time Notified for pickup: | | Office Personnel Making Call: | |

### Receipt / Release Information (Must sign before releasing information.)

| For Public Affairs Personnel: | |
|---|---|
| Tapes Released to: | Date Released: |
| Information Received by: | Date: |
| Print and Sign Name: | |
| Date | |

Revised 8/2004

P-16-2-5



# ATLANTA POLICE DEPARTMENT
# EMPLOYEE DISCIPLINE WORKSHEET

**Employee:** CADEAU, MATHIEU  **OPS Control #:** 14-I-0635-UAF  **Date:** 9/9/14

| Employee Disciplinary History: Charges with Active Reckoning Period | | | History by: Off. C. Mason | | Step #1 Sustained Violations | | Step #2 Adjusted Category | Step #4 Recommended Action |
|---|---|---|---|---|---|---|---|---|
| OPS Control # | Rule | Final Cat. | Final Action | Date of Action | Rule | Rule Category | | |
| NO DISCIPLINARY | | | | | 4.1.3 | D | – | T |
| HISTORY WITHIN AN | | | | | | | | |
| ACTIVE RECKONING | | | | | | | | |
| PERIOD | | | | | | | | |

**Step #3 Comments:**

**Supervisor Completing Worksheet**

Deputy Chief J. P. Spillane                     Deputy Chief JP Spillane   1/22/15
_Typed Name & Title of Supervisor_                     _Signature & Date_

**Unit Commander (** _Commanders who do not concur must fill out a separate worksheet_ **)**

I concur ☐    Do not concur ☐    With the recommended discipline.

_____
_Typed Name & Title of Unit Commander_          _Signature & Date_

**Assistant Section Commander (** _Commanders who do not concur must fill out a separate worksheet_ **)**

I concur ☐    Do not concur ☐    With the recommended discipline.

_____
_Typed Name & Title of Asst. Commander_          _Signature & Date_

**Section Commander (** _Commanders who do not concur must fill out a separate worksheet_ **)**

I concur ☐    Do not concur ☐    With the recommended discipline.

_____
_Typed Name & Title of Section Commander_          _Signature & Date_

**Division Commander (** _Commanders who do not concur must fill out a separate worksheet_ **)**

I concur ☑    Do not concur ☐    With the recommended discipline.

Deputy Chief J. P. Spillane                     Deputy Chief JP Spillane   1/22/15
_Typed Name & Title of Division Commander_          _Signature & Date_

14 · 3 · 5



# CITY OF ATLANTA

Kasim Reed
Mayor

226 Peachtree Street, SW
Atlanta, Georgia 30303
(404) 546-6900

Atlanta Police Department
George N. Turner
Chief of Police

December 5, 2014

Dear Ms. Amber Jackson,

This office is currently conducting an investigation regarding the actions of an employee of the Atlanta Police Department. In order for us to proceed with this investigation and obtain a fair and accurate assessment of the accounts relating to this incident, your cooperation is requested in providing this office with a statement of events. Please contact Investigator E. Mills within five (5) working days upon receipt of this letter at telephone number (404) 546-5945, between the hours of 8:00 a.m. and 4:00 p.m.. Monday through Friday. Our Office is located at 950 Joseph E. Lowery Boulevard N.W., Suite 16, Atlanta, Georgia 30318.

Your cooperation and prompt response regarding this matter is greatly appreciated.

Respectfully,

*Mills*

Investigator Emma Mills
Internal Investigations Unit
Office of Professional Standards

R 16-4-5



**CITY OF ATLANTA**
ATLANTA POLICE DEPARTMENT
226 PEACHTREE STREET, S.W.
ATLANTA, GEORGIA 30303

Ms. Amber Jackson
212 Tuggle St
Winder, GA 30680

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

2. Article Number
   (Transfer from service label)   7011 1150 0000 9999 0233

PS Form 3811, February 2004     Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X                                    □ Agent
                                        □ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   ☑ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

102595-02-M-1540



Ms. Amber Jackson
212 Tuggle St
Winder, GA 30680

**CERTIFIED MAIL**

7011 1150 0000 9999 0233

R16-5-5



# CITY OF ATLANTA

Kasim Reed
Mayor

226 Peachtree Street, SW
Atlanta, Georgia 30303
(404) 546-6900

Atlanta Police Department
George N. Turner
Chief of Police

October 14, 2014

Dear: Officer Mathieu Cadeau

RE: OPS Complaint File # 14-I-0635-UAF

This office is currently conducting an administrative investigation into the actions of Officer Mathieu Cadeau. The investigative file is still open due to:

☐ Pending statement(s)

☐ Pending document(s) -

☐ Investigative Write-Up

☒ Command Review

☐ Other - Court Disposition

If you require a more detailed explanation concerning this matter, please contact me at (404) 546-5945, between the hours of 8:00 a.m. and 4:00 p.m., Monday through Friday. Our office is located at 950 Joseph E. Lowery Boulevard, Suite 16, Atlanta, GA 30318

Respectfully,

Investigator E. Mills
Internal Affairs Unit
Office of Professional Standards

cc: File
Lieutenant D. Ferguson

P-17-1-1

# INVESTIGATIVE NOTES

## ADDITIONAL DETAILS OF COMPLAINT, PROGRESS OF INVESTIGATION. ETC.

**December 5, 2014-** sent a letter to Ms. Amber Jackson requesting her response. Called Mr. Pondcell Smith with the phone number (678-975-1733) provided by Sgt. Towns. Mr. Smith did not answer and his voice mail was not set up for messages.

**December 15, 2014-** Ms. Jackson left me a voice mail regarding the letter she received regarding the investigation

**December 16, 2014-**I spoke with Ms. Jackson by telephone (678-367-9595). Ms. Jackson stated that she was not sprayed directly by Officer Cadeau. She did come in contact with the spray, but did not want to file an official complaint.

**December 29, 2014-**I called Mr. Smith with the number provided. Mr. Smith did not answer, nor was the voice mail set up for messages.

**December 30, 2014-** I called Mr. Smith for again. Mr. Smith did not answer the phone, nor did was the voice mail set up for messages.

Investigator:     __E. Mills__     _EMills_     __December 30, 2014__
                  Print name            Signature             Date

## ATLANTA POLICE DEPARTMENT
### Relief of Duty

OPS CONTROL
#:14-1-0635-UAF

**TO:**       **Officer Mathieu Cadeau**

**FROM:**     **Sergeant W. Dean**

**DATE:**     **2/4/15**

**RE:**       **Relief of Duty**

You are hereby relieved of duty _____ 2/4/15 _____ for the following reason(s):
(Give specific reason(s); also, state any conditions and restrictions concerning the administrative assignment. Include the
restriction prohibiting all extra job employment.)

**REASON:**         Reasons outlined in OPS File # 14-1-0635-UAF

**CONDITION:** You will provide a home telephone number and any pager number where you may be
reached. You will make yourself available for interview Monday through Friday from
0900 to 1700. Should you be away from your listed home phone number for more than
two (2) hours during this time, you will contact and advise Lt. J. Webb or Sergeant W.
Dean of the Office of Professional Standards where you can be reached. If he or is
unavailable, you will then advise a supervisor at OPS of the information. **You are**
**forbidden to work any extra jobs during your non-enforcement assignment.**

EMPLOYEE TELEPHONE NO. 646-739-3000   PAGER: _____

| ITEM NO. | This notice acknowledges receipt of the following Departmental property relinquished by you: (List inventory and description of property; include serial number of weapons, badge number, etc.) DESCRIPTION (Include model & serial number, if applicable) | QUANTITY |
|---|---|---|
| 1 | (1) Glock 22 40cal. Serial # VYY078 | 1 |
| 2. | 40 Cal Magazines | 3 |
| 3. | 46 live Rounds | |
| 4. | 4 APD Credentials          (4844) | |
| | | |

| AFFECTED EMPLOYEE'S SIGNATURE | DATE/TIME | WITNESS SIGNATURE | DATE/TIME |
|---|---|---|---|
| Items Returned on 2-20-15 | P- _____ | _____ | 2/20/15 |

Form APD-828 (revised 1/1/2000)



# ATLANTA POLICE DEPARTMENT
# EMPLOYEE DISCIPLINE WORKSHEET

Employee: **MATHIEU CADEAU**  OPS Control #: 14-I-0635-UAF  **Date: 1/13/15**

| Employee Disciplinary History: Charges with Active Reckoning Period | | | History by: Sgt. W. Dean | | Step #1 Sustained Violations | | Step #2 Adjusted Category | Step #4 Recommended Action |
|---|---|---|---|---|---|---|---|---|
| OPS Control # | Rule | Final Cat. | Final Action | Date of Action | Rule | Rule Category | | |
| 13-I-0021-FTA | 4.3.1 | A | OA | 5/3/13 | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**Step #3 Comments:**

### Supervisor Completing Worksheet

_____       _____
Typed Name & Title of Supervisor                     Signature & Date

### Unit Commander ( _Commanders who do not concur must fill out a separate worksheet_ )

I concur [ ]    Do not concur [ ]    With the recommended discipline.

_____       _____
Typed Name & Title of Unit Commander                 Signature & Date

### Assistant Section Commander ( _Commanders who do not concur must fill out a separate worksheet_ )

I concur [ ]    Do not concur [ ]    With the recommended discipline.

_____       _____
Typed Name & Title of Asst. Commander                Signature & Date

### Section Commander ( _Commanders who do not concur must fill out a separate worksheet_ )

I concur [ ]    Do not concur [ ]    With the recommended discipline.

_____       _____
Typed Name & Title of Section Commander              Signature & Date

### Division Commander ( _Commanders who do not concur must fill out a separate worksheet_ )

I concur [ ]    Do not concur [ ]    With the recommended discipline.

_____       _____
Typed Name & Title of Division Commander             Signature & Date

P      -      I      -      1

## ATLANTA POLICE DEPARTMENT
## NOTICE OF PROPOSED ADVERSE ACTION (NPAA)
### OPS CONTROL #: 14-I-0635-UAF

| NAME (LAST, FIRST, MI) | EMPLOYEE ID | SS/DPS# | CLASSIFICATION | DIVISION | SECTION | WATCH |
|---|---|---|---|---|---|---|
| CADEAU, MATHEAU | 4844 | | OFFICER | FOD | Z-2 | MW |

| TYPE OF ACTION | PERMANENT [X] | PROBATION [ ] | OTHER [ ] | OFFENSE CODE/# APD.PO.15.028 | # OF OFFENSE 7 | EMERGENCY ACTION? YES [ ] | NO [X] |
|---|---|---|---|---|---|---|---|

| | |
|---|---|
| ___ Suspension without pay for _____ working day. | Date NPAA Signed **2/4/15** |
| ___ Suspension without pay pending adjudication of criminal charges. | |
| ___ Demotion from _____ to _____ | |
| XXX Dismissal | Effective Date of Action **2/19/15** |
| ___ Other _____ | |

### NARRATIVE (Reasons for Adverse/Emergency Action)
The specific disciplinary action proposed for each Departmental work rule or other violation you are charged with is as follows:

| RULE VIOLATION | DISCIPLINARY ACTION |
|---|---|
| 4.1.3 **Truthfulness** | **DISMISSAL** |

*See attached page(s) for the specifics of the violation(s).*

---

**TO EMPLOYEE:** If you choose to respond to this notice, you have a right to one or both of the following:

1. You may make a written response which must be received by the Disciplinary Authority named below by on **2/11/15** a **11:15 Am**
2. You may appear personally before the Disciplinary Authority named below on **2/11/15** at **11:15 Am** At his/her office to present an oral and/or written response. You may have a representative with you at this meeting. Prior to the time set for your meeting with the Disciplinary Authority you may request to reschedule the appointment by calling him or her at: _____

The granting of such a request is at the discretion of the disciplinary authority.

| Chief G. N. Turner | _signature_ 2/3/15 |
|---|---|
| DELEGATED DISCIPLINARY AUTHORITY (PRINT OR TYPE NAME) | DISCIPLINARY AUTHORITY SIGNATURE AND DATE |
| _signature_ 2/4/15 | Sgt W. Lee 2/4/15 |
| EMPLOYEE SIGNATURE & DATE (Indicate receipt ONLY not agreement with action) | WITNESS SIGNATURE AND DATE |

P -

Give copies to OPS, print copies to employee, to employee's supervisor, to Personnel and Human Resources, to Personnel Section (2) & to Chief of Police

APD-632 revised 1-1-2003

| NAME (LAST, FIRST, MI) | J DIGIT ID | POSITION # | CLASSIFICATION |
|---|---|---|---|
| CADEAU, MATHEAU | 4844 | | OFC |

**NARRATIVE (REASONS FOR EMERGENCY ACTION)**

**GENERALLY:**    You are charged with violating Rule 4.1.03 of the Employee Work Rules of this Department. Said Rules states:

**Truthfulness**

*Employees will be truthful in their written and spoken words at all times.*

**SPECIFICALLY:** On July 20, 2014, you were working an extra job at Wet Willies located at 2450 Piedmont Road. A physical dispute transpired between several patrons of the business. You notified radio dispatch; after which, Sergeant N. Towns along with Officer W. Richards responded to your location. Upon Sergeant Towns' arrival, several patrons conveyed to her that you used your city issued OC Gas and, as a result, their faces were burning from exposure to the OC spray. Sergeant Towns asked you in the presence of Officer Richards if you had deployed your OC Gas. You were untruthful in your spoken words when you denied deploying your OC Gas and suggested that the OC spray may have inadvertently released itself while in your holster.

Moments later, Sergeant R. Heald responded to the scene, and after checking your OC Gas canister, it was proven to be half empty. When confronted with Sergeant Heald's discovery, you changed your initial response and admitted to deploying your OC spay in an attempt to defend yourself.

Your actions in the aforementioned instance are contrary to APD.SOP. 2010 Section 4.1.3 (Truthfulness), which states employees will be truthful in their written and spoken words at all times.

**YOUR ACTIONS AS DESCRIBED ABOVE ARE IN VIOLATION OF THE LISTED RULE (S)**

| | |
|---|---|
| Chief G. N. Turner | *George N. Turner* 2/3/15 |
| *[signature]* 2/4/15 | *Sgt W Lee* 2/4/15 |

Form APD-834 revised 12/2000



# ATLANTA POLICE DEPARTMENT
## NOTICE OF FINAL ADVERSE ACTION (NFAA)
### OPS CONTROL #: 14-I-0635-UAF

| NAME (LAST, FIRST, MI) | | 4 DIGIT ID | POSITION # | CLASSIFICATION | DIVISION | SECTION | WATCH |
|---|---|---|---|---|---|---|---|
| CADEAU, MATHIEU | | 4844 | | OFFICER | FOD | Z2 | MW |

| EMPLOYEE STATUS | | | PERSONNEL ORDER # | DISTRIBUTION | EMERGENCY ACTION? | |
|---|---|---|---|---|---|---|
| PERMANENT [X] | PROBATION [ ] | OTHER [ ] | APD.PO.15.028 | 7 | YES [ ] | NO [X] |

**NOTICE OF PROPOSED ADVERSE ACTION (N.P.A.A.) ISSUED ON:**

Did employee respond to NPAA?  YES [ ]  NO [ ]  If yes  WRITTEN RESPONSE [ ]  PERSONAL RESPONSE [X]  DATE RESPONDED 2/11/15

Summary of Employee Response:

---

**FINAL ADVERSE ACTION:** *(If an emergency action state the nature of the emergency below in the narrative.)*

_____ Suspension without pay for _____ working days.

_____ Suspension without pay pending adjudication of criminal charges.

_____ Demotion from _____ to _____

_____ Dismissal.

_____ Other _____

Was the Nature of Proposed Adverse Action Modified?  YES [X]  NO [ ]

Date NPAA Issued  2/4/15

Effective Date of Action  N/A

---

**NARRATIVE (Reasons for Adverse/Emergency Action)**

The specific disciplinary decision for each Departmental work rule or other violation you were charged with follows below:

| RULE VIOLATION | DISCIPLINARY ACTION |
|---|---|
| Work Rule 4.1.3<br>Truthfulness | *Not Sustained* |

*See attached page(s) for the specifics of the violation(s).*

---

**TO EMPLOYEE:** Pursuant to Labor Management Relations Ordinance Section 114-547, you may appeal any adverse action taken in this matter to the City of Atlanta Civil Service Board by completing the Civil Service Appeal form and submitting it to the Bureau of Labor Relations.

| Chief G. N. Turner | | 2/18/15 |
|---|---|---|
| TITLE AND NAME OF DISCIPLINARY AUTHORITY (PRINT OR TYPE NAME) | DISCIPLINARY AUTHORITY'S SIGNATURE AND DATE | |
| 2/18/15 | Sgt W. T. De   2/18/15 | |
| EMPLOYEE SIGNATURE & DATE (Indicates receipt ONLY not agreement with action) | WITNESS SIGNATURE AND DATE | |

P.

# ATLANTA POLICE DEPARTMENT
## ADVERSE ACTION CONTINUATION

**NOTICE OF FINAL ADVERSE ACTION**       **OPS CONTROL # 14-J-0635-UAF**

| NAME (LAST, FIRST, MI) | 4 DIGIT ID | POSITION # | CLASSIFICATION |
|---|---|---|---|
| CADEAU, MATHIEU | 4844 | | OFC |

**NARRATIVE (REASONS FOR EMERGENCY ACTION)**

**GENERALLY:**    You are charged with violating Rule 4.1.03 of the Employee Work Rules of this Department. Said Rules states:

### Truthfulness
*Employees will be truthful in their written and spoken words at all times.*

**SPECIFICALLY:** On July 20, 2014, you were working an extra job at Wet Willies located at 2450 Piedmont Road. A physical dispute transpired between several patrons of the business. You notified radio dispatch; after which, Sergeant N. Towns along with Officer W. Richards responded to your location. Upon Sergeant Towns' arrival, several patrons conveyed to her that you used your city issued OC Gas and, as a result, their faces were burning from exposure to the OC spray. Sergeant Towns asked you in the presence of Officer Richards if you had deployed your OC Gas. You were untruthful in your spoken words when you denied deploying your OC Gas and suggested that the OC spray may have inadvertently released itself while in your holster.

Moments later, Sergeant R. Heald responded to the scene, and after checking your OC Gas canister, it was proven to be half empty. When confronted with Sergeant Heald's discovery, you changed your initial response and admitted to deploying your OC spay in an attempt to defend yourself.

Your actions in the aforementioned instance are contrary to APD.SOP. 2010 Section 4.1.3 (Truthfulness), which states employees will be truthful in their written and spoken words at all times.

## YOUR ACTIONS AS DESCRIBED ABOVE ARE IN VIOLATION OF THE LISTED RULE (S)

| | |
|---|---|
| Chief G. N. Turner | 2/18/15 |
| TITLE AND NAME OF DISCIPLINARY AUTHORITY | DISCIPLINARY AUTHORITY'S SIGNATURE AND DATE |
| 2/18/15 | Sgt. W. ___ 2/18/15 |
| EMPLOYEE SIGNATURE & DATE (Signing, does not indicate personally but agreement with action) | WITNESS SIGNATURE AND DATE |

Form APD-834 revised 1/1/2008

P. ___ - ___ - ___

# ATLANTA POLICE DEPARTMENT
## APPEAL WAIVER

Ofc. Mathieu Cadeau          OPS CONTROL #: **14-I-0635-UAF**

I, Mathieu Cadeau accept full responsibility for violation of the following employee work or other rule(s) or ordinance(s): **4.1.3 Truthfulness .**

Of the Atlanta Police Department or City of Atlanta, as outlined in Office of Professional Standards Complaint File Number 14-I-0635-MISC. I concur with the disciplinary action of:

imposed by the Atlanta Police Department in my disciplinary case. With this my concurrence, I voluntarily, without coercion or duress, waive any and all of the right(s) I may have to appeal the above described disciplinary action taken in this case, either to the Civil Service Board of the City of Atlanta, or by way of administrative grievance, or by use of any other administrative or judicial remedy that may be available to me.

### EMPLOYEE AND WITNESS SIGNATURES

| EMPLOYEE SIGNATURE | DATE |
| --- | --- |
| WITNESS SIGNATURE | DATE |

### APPROVED BY DISCIPLINARY AUTHORITY

| DISCIPLINARY AUTHORITY SIGNATURE AND TITLE | DATE |
| --- | --- |

P - ____ - ____ - ____

# CITY OF ATLANTA

## CIVIL SERVICE APPEAL FORM .
### Department of Human Resources



**TO:** City of Atlanta
68 Mitchell Street, S.W.
Suite 2170, City Hall Tower
Atlanta, Georgia 30303

Date: _____

From: Name of Employee: _____

    Address: _____

    _____

    Employer ID Number _____

    Telephone Number (Home): _____

    Position Title: _____

    Position Number: _____

    Department:_____ Bureau: _____

    Supervisor: _____

I hereby request a hearing before the Civil Service Board to present my appeal of adverse action taken against me. The action is:

_____

_____

_____

The charge(s) is/are as follows: _____

_____

_____

_____

Please advise me as my case nears the date of hearing so that I may be prepared.
I will be represented by: (  ) Self    (  ) Union    (  ) Other
Representative:

Name:                      Phone Number: _____

Address: _____   _____

SIGNATURE OF EMPLOYEE: _____

\*\*Copies to:    1.) Director, Labor & Employee Relations
               2.) Commissioner, Department of Human Resources
               3.) Departmental Representative
               4.) Employee

White : Director, Labor & Employee Relations    Canary: Commissioner, HR    Pink: Departmental Representative    Gold: Employee

Form 5-3061-BLR

## ORDER OF EXTENSION OF TIME
### FOR FURTHER INVESTIGATION AND/OR CONSIDERATION

RE: 14-I-0635-UAF

Pursuant to the Labor-Management Relations Ordinance, I am extending the prescribed time

period for further investigation and/or proper consideration of an Proposed Adverse Action

involving   Ofc.Mathieu Cadeau   .
       Name of Employee

This extension of time shall not exceed ten (10) days. Accordingly, the proposed effective date of the

Adverse Action shall be extended to ___2/17/15___ .

Date 2/11/15 _____

_____George K. Son_____
Signature of Disciplinary Authority
or Designee



# City of Atlanta          Internal Correspondence

Atlanta Police Department

## MEMORANDUM

**TO:**     **Officer Mathieu Cadeau**

**FROM:**   Major B. K. Martin

**DATE:**   March 3, 2015

**RE:**     **Disposition OPS Complaint File: 14-I-0635-UAF**

An investigation has been completed into the complaint filed against you alleging misconduct. The complaint has been closed as indicated below:

——————  Exonerated - your conduct was determined to be justified, lawful and Proper in the complaint

——✓——— Not-Sustained - the investigation did not develop sufficient information to prove or disprove the allegation stated in the complaint with regards to employee Work Rule 4.1.3 Truthfulness and 4.2.50 Maltreatment or Unnecessary Force

——————  Sustained - the investigation did develop sufficient information to prove the allegation stated in the complaint

——————  Unfounded - the allegation was without factual basis

BKM/gac

cc:   File