IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NOEL HALL and CHRISTINA HALL, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | 1:18-CV-04710-ELR |
| | * | |
| CITY OF ATLANTA, GEORGE N. TURNER, in his individual capacity as former Chief of the City of Atlanta Police Department, and MATHIEU CADEAU, in his individual capacity as former Police Officer of the City of Atlanta Police Department, | * * * * * * * | |
| Defendants. | * * | |

**ORDER**

Presently before the Court is Defendants City of Atlanta's and George N. Turner's Pre-Answer Motion to Strike and for a More Definite Statement. [Doc. 25]. For the reasons below, the Court grants in part and denies in part this motion.

**I. Background**

Plaintiffs Noel Hall and Christina Hall bring this suit pursuant to 42 U.S.C. § 1983 against Defendants City of Atlanta; George N. Turner, in his individual capacity as former Chief of the Atlanta Police Department; and Mathieu Cadeau, in

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| NOEL HALL and CHRISTINA HALL, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *    1:18-CV-04710-ELR |
| | * |
| CITY OF ATLANTA, GEORGE N. TURNER, in his individual capacity as former Chief of the City of Atlanta Police Department, and MATHIEU CADEAU, in his individual capacity as former Police Officer of the City of Atlanta Police Department, | * |
| | * |
| | * |
| | * |
| | * |
| | * |
| | * |
| Defendants. | * |
| | * |

## ORDER

Presently before the Court is Defendants City of Atlanta's and George N. Turner's Pre-Answer Motion to Strike and for a More Definite Statement. [Doc. 25]. For the reasons below, the Court grants in part and denies in part this motion.

## I. Background

Plaintiffs Noel Hall and Christina Hall bring this suit pursuant to 42 U.S.C. § 1983 against Defendants City of Atlanta; George N. Turner, in his individual capacity as former Chief of the Atlanta Police Department; and Mathieu Cadeau, in

his individual capacity as a former police officer of the Atlanta Police Department, for alleged violations of their constitutional rights. Compl. [Doc. 1]. Plaintiffs allege that on February 25, 2017, they, along with a family friend and other family members, attended a moto-cross event at the Georgia Dome. Id. ¶ 16. At the time, Officer Nathan Evans and Defendant Mathieu Cadeau were providing traffic direction and control detail following the event, at the intersection of Northside Drive and Ivan Allen, Jr. Boulevard. Id. ¶ 14.

After the event, Plaintiffs, driving towards the Georgia Dome, approached the intersection where Officers Evans and Cadeau were stationed. Id. ¶ 17. Plaintiff Noel Hall was driving the vehicle, while Plaintiff Christina Hall was a passenger in the vehicle. Id. Initially, Plaintiff Noel Hall engaged in conversation with Officer Evans. Id. ¶ 18. Defendant Cadeau, who observed Plaintiff Noel Hall's conversation with Officer Evans, then approached Plaintiffs' vehicle. Id. Plaintiffs contend that they desired to make a left turn into a designated area where only certain vehicles were permitted to enter. Id. Plaintiff Noel Hall alleges he had a pass to enter the area, but Defendant Cadeau refused to look at his pass. Id. Plaintiffs contend that as Plaintiff Noel Hall was driving, Defendant Cadeau fired his weapon into the vehicle, striking Plaintiff Noel Hall in his left arm, shoulder, and chest area. Id. ¶ 19.

2

As a result of this incident, Plaintiffs filed the instant case bringing four (4) counts against Defendants. Count I is against Defendant Cadeau in his individual capacity for violations of Plaintiffs' federal and state constitutional rights; Count II is against Defendant Turner in his individual capacity for supervisory liability pursuant to 42 U.S.C. § 1983; Count III is against Defendant City of Atlanta for municipal liability pursuant to 42 U.S.C. § 1983; and Count IV is a claim for attorney's fees against all Defendants. See id. Defendants City of Atlanta and George Turner ("the Moving Defendants") have now filed a Pre-Answer Motion to Strike and Motion for a More Definite Statement. [Doc. 25].[1] This motion is fully briefed and is ripe for the Court's review.

**II. Motion to Strike**

The Court turns first to the Moving Defendants' motion to strike. Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "[i]t is axiomatic that motions to strike are not favored and are, therefore, infrequently granted." United States v. S. Motor Carriers Rate Conference, 439 F. Supp. 29, 39 (N.D. Ga. 1977); TracFone Wireless, Inc. v. Zip

---

[1] As a separate matter, on October 30, 2018, Defendant Mathieu Cadeau filed an Application for Leave to Proceed *In Forma Pauperis* to allow him to proceed in the case without the prepayment of fees or costs. [Doc. 13]. However, because Cadeau is a Defendant in this action, he is not required to pay any initial fees or costs. Therefore, the Court denies Defendant Cadeau's application as moot.

3

Wireless Products, Inc., 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010) ("Motions to strike are generally viewed with disfavor . . . .") (citation omitted). "A motion to strike is a drastic remedy to be resorted to only when required for the purposes of justice . . . [and] should be granted only when the pleading to be stricken has no possible relation to the controversy." TracFone, 716 F. Supp. 2d at 1290; Daugherty v. Firestone Tire & Rubber Co., 85 F.R.D. 693, 695 (N.D. Ga. 1980) ("Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied.").

In their Complaint, Plaintiffs make several allegations concerning the Moving Defendants' alleged deliberate indifference regarding the use of excessive force by Atlanta Police Department officers. See Compl. Specifically, Plaintiffs allege that the routine and systematic rejection of officer discipline and training recommendations from the Atlanta Citizen Review Board ("ACRB"), and the failure to use polygraph and computer voice stress analyzer exams during internal affairs investigations into excessive force allegations, are some of the facts which show the Moving Defendants' deliberate indifference to the protection of the constitutional rights of citizens who encounter Atlanta Police Department officers. [Doc. 29 at 2–3]. The Moving Defendants seek to strike allegations related to the ACRB, computer

4

voice stress analyzer exams, and polygraphs contending that these allegations are immaterial, and that they will be prejudiced if they must defend against them.

Upon review of the Complaint, the Court is not persuaded that the allegations concerning the ACRB, computer voice stress analyzer exams, and polygraphs "have no possible relation to the controversy." TracFone, 716 F. Supp. 2d at 1290. To the contrary, because Plaintiffs seek to prove that the Moving Defendants were deliberately indifferent towards adopting and enforcing policies necessary to prevent constitutional violations, the prior instances and management of allegations of excessive force are relevant to Plaintiffs' claims. While the Moving Defendants allege that these instances concern excessive force generally, and not excessive force in the discharge of firearm, as are the circumstances of this case, the Court is not inclined to grant a motion to strike on such a minor difference, particularly when precedent counsels that "[i]f there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." Daugherty, 85 F.R.D. at 695. Accordingly, the Court denies the Moving Defendants' motion to strike.

### III. Motion for a More Definite Statement

The Court now turns to the Moving Defendants' motion for a more definite statement. Pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a

5

response." Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Additionally, a plaintiff should include a "brief factual description" of the circumstances that surround the acts upon which the plaintiff bases a claim for relief.  Parker v. Brush Wellman, Inc., 377 F. Supp. 2d 1290, 1294 (N.D. Ga. 2005) (citations omitted).

"[M]otions for a more definite statement are not favored, and if it appears that defendants have been sufficiently informed of the charges against them by the complaint, a motion for more definite statement will be denied." S.C. Johnson & Son, Inc. v. Para Indus., Inc., No. 14779, 1971 WL 16650, at *1 (N.D. Ga. Aug. 19, 1971) (citation omitted).  Moreover, a complaint need not be "a model of clarity" to avoid being "so vague and ambiguous as to warrant a more definite statement." Morales v. Cooperativa de Seguros Multiples de Puerto, No. 8:12-CV-849-T-33TGW, 2013 WL 4047013, at *3 (M.D. Fla. Aug. 9, 2013).  "The propriety of granting [a motion for a more definite statement] lies completely within the sound discretion of the trial court."  Kapila v. Militzok, No. 15-60764-CIV-

LENARD/GOODMAN, 2015 WL 7272761, at *4 (S.D. Fla. Nov. 18, 2015) (citing Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 130 (5th Cir. 1959)).[2]

The Moving Defendants argue that Plaintiffs' Counts II and III are not compliant with the Federal Rules and thus, they seek a more definite statement. Specifically, the Moving Defendants contend that the Complaint is "so excessively vague and ambiguous as to be unintelligible" and that it is a shotgun pleading. [Doc. 25].

The Court disagrees with the Moving Defendants' first characterization that the Complaint is unintelligible. In the Complaint, Plaintiffs separate each count against each Defendant and sufficiently identify which Defendants committed which acts. Indeed, even a cursory reading of the Complaint provides a sufficient understanding of the facts that give rise to the suit. However, the Moving Defendants are correct that the Complaint is a shotgun pleading as it commits "the mortal sin" of "containing multiple counts where each count adopts the allegations of all preceding counts." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322 (11th Cir. 2015). For example, each count in the Complaint begins with Plaintiffs "hereby incorporat[ing] the allegation in [all paragraphs] above, as if fully set forth herein." See, e.g., Compl. ¶ 74. While Federal Rule of Civil Procedure

---

[2] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

10(c) allows for some adoption by reference, the Eleventh Circuit Court of Appeals makes clear that such "shotgun" pleading is improper. Weiland, 792 F.3d at 1322.

Accordingly, the Court grants the Moving Defendants motion for a more definite statement as to Counts I–IV,[3] due to their inappropriate incorporation by reference. The Court strikes paragraphs 74, 85, 98, and 105 from the Complaint and directs Plaintiffs to provide a more definite statement. See Williams v. Lowe's Home Ctrs., Inc., No. 8:04-CV-2351-T-17MAP, 2008 WL 11438317, at *1 (M.D. Fla. Nov. 12, 2008) (striking plaintiff's paragraphs due to incorporation by reference that amounted to a "shotgun pleading").

### IV. Conclusion

For the foregoing reasons, the Court **DENIES AS MOOT** Defendant Cadeau's Application for Leave to Proceed *In Forma Pauperis*. [Doc. 13]. The Court **GRANTS IN PART AND DENIES IN PART** Defendants City of Atlanta's and George N. Turner's Pre-Answer Motion to Strike and for a More Definite Statement. [Doc. 25]. The Court **STRIKES** paragraphs 74, 85, 98, and 105 from the Complaint and **DIRECTS** Plaintiffs to file a First Amended Complaint, within fourteen (14) days of the date of entry of this order, which deletes said paragraphs and provides a more definite statement as to them.

---

[3] Although the Moving Defendants only referenced Counts II and III in their motion, Plaintiffs repeat the problematic incorporation in Counts I and IV.

**SO ORDERED**, this 26th day of June, 2019.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia