IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Noel Hall and Christina Hall, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| City of Atlanta, a municipal corporation of | ) | CIVIL ACTION |
| the State of Georgia; GEORGE N. | ) | |
| TURNER, in his individual capacity as | ) | FILE NO.: 1:18-cv-4710-ELR |
| former Chief of Police of the City of Atlanta | ) | |
| Police Department and MATHIEU | ) | |
| CARDEAU, in his individual capacity as | ) | |
| former Police Officer of the City of Atlanta | ) | |
| Police Department | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS CITY OF ATLANTA AND GEORGE N. TURNER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

COME NOW City of Atlanta, a municipal corporation of the State of Georgia (hereinafter "Defendant City") and George N. Turner, in his individual capacity as former Chief of Police of the City of Atlanta Police Department (hereinafter "Defendant Turner") (hereinafter collectively referred to as "Defendants"), named defendants in the above-captioned action, and hereby answer Plaintiffs' Amended Complaint as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' First Amended Complaint for Damages fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

All actions taken by Defendants were pursuant to the City of Atlanta's Charter and Code of Ordinances, the laws of the State of Georgia, and the laws of the United States of America.

### THIRD DEFENSE

Defendants did not engage in any custom, policy, pattern or practice that gave rise to a violation of Plaintiffs' constitutional or statutory rights.

### FOURTH DEFENSE

Defendants were without fault or negligence of any kind or nature in the incident which forms the basis of Plaintiffs' First Amended Complaint for Damages. Therefore, Plaintiffs are not entitled to recover any damages whatsoever of Defendants.

## FIFTH DEFENSE

Plaintiffs' claimed injuries and damages, if any, were the direct and proximate cause of Plaintiffs' own actions and/or those of a party other than Defendant City and Defendant Turner.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the contributory and/or comparative negligence and intentional act(s) of Plaintiffs.

## SEVENTH DEFENSE

Defendants are entitled to qualified immunity from Plaintiffs' federal law claims.

## EIGHTH DEFENSE

Defendants are entitled to official immunity from Plaintiffs' state law claims.

## NINTH DEFENSE

Defendants show that the actions of Defendant Turner were carried out in the good-faith performance of his discretionary duties, without actual malice or actual intent to cause injury to Plaintiffs, thereby entitling Defendant Turner to official immunity.

## TENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of sovereign and/or governmental immunity.

## ELEVENTH DEFENSE

At all relevant times, Defendant Turner was acting as an officer or employee of Defendant City and within the scope of his official duties and employment. Therefore, Plaintiffs' claims against Defendant Turner are barred by O.C.G.A. § 50-21-25.

## TWELTH DEFENSE

Plaintiffs' claims against Defendant Turner are without merit as the acts of Defendant Turner were legal and justified.

## THIRTEENTH DEFENSE

Defendants have acted in good faith at all times with respect to the incident which is the subject of Plaintiffs' Amended Complaint, with the result that Plaintiffs are not entitled to recover any damages whatsoever of Defendants.

## FOURTEENTH DEFENSE

Plaintiffs assumed the risk of injury by their own actions.

## FIFTEENTH DEFENSE

Defendants have not subjected Plaintiffs to the deprivation of any rights secured by the Constitution or laws of the United States, or of the state of Georgia.

## SIXTEENTH DEFENSE

Defendant City is immune as a matter of Georgia law from the imposition of punitive damages.

## SEVENTEENTH DEFENSE

Defendant Turner denies that his conduct showed such willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences so as to support an award of punitive damages.

## EIGHTEENTH DEFENSE

Plaintiffs' failure to specifically state and plead items of special damages sought in this action bars the recovery of same.

## NINETEENTH DEFENSE

Plaintiffs' claims for attorney's fees are barred because the facts of this case do not justify an award of the expense of litigation or attorney's fees to Plaintiffs.

<u>TWENTIETH DEFENSE</u>

Plaintiffs are not entitled to recover any damages whatsoever from Defendant under any theory whatsoever, with the result that Plaintiffs' Amended Complaint should be dismissed.

<u>TWENTY-FIRST DEFENSE</u>

Defendants reserve the right to plead such other defenses as may become known during the course of investigation.

<u>TWENTY-SECOND DEFENSE</u>
<u>AND BY WAY OF FURTHER ANSWER</u>

Without waiving any of the defenses set forth above, or any other defenses available at law or equity, Defendants answer the separately numbered paragraphs of Plaintiffs' Amended Complaint as follows:

RESPONSE TO JURISDICTION AND VENUE

1.

In response to Paragraph 1 of Plaintiff's First Amended Complaint for Damages, Defendants acknowledge that this action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments of the Constitution of the United States as applied to the State of Georgia and its entities, officials, and employees, as well as the statutes and common law of the State of Georgia.

2.

Defendants admit the allegations contained in Paragraph 2 of Plaintiffs' First Amended Complaint for Damages.

## RESPONSE TO IDENTIFICATION OF PARTIES

3.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

4.

Defendants admit the allegations contained in Paragraph 4 of Plaintiffs' First Amended Complaint for Damages.

5.

Defendants admit the allegations contained in Paragraph 5 of Plaintiffs' First Amended Complaint for Damages.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Plaintiffs' allegations are denied.

6.

Defendants admit the allegations contained in Paragraph 6 of Plaintiffs' First Amended Complaint for Damages.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Plaintiffs' allegations are denied.

7.

Defendants admit the allegations contained in Paragraph 7 of Plaintiffs' First Amended Complaint for Damages.

8.

Defendants admit that Defendant Cadeau's actions, which are the subject of Plaintiffs' First Amended Complaint, were undertaken in the regular course of his employment as a police officer of the City of Atlanta or the Atlanta Police Department.  However, Defendant Cadeau's actions were taken outside the scope of his employment with APD.  Defendants are without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint, which allegations therefore stand denied by operation of law.

9.

As related to Defendant City and Defendant Turner, Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' First Amended Complaint for Damages.

10.

Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' First Amended Complaint for Damages.

11.

Defendants acknowledge that under *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658 (1978), municipalities may be held liable for constitutional violations of city officials, employees, and officers.  However, Defendants may not be held liable for constitutional violations under a theory of respondeat superior.  *Monell*, 436 U.S. 658 (1978).  Defendants deny any liability whatsoever for the injuries alleged in Plaintiffs' First Amended Complaint for Damages.

RESPONSE TO FACTUAL ALLEGATIONS

12.

Defendants admit that at the time of the incident pleaded in Plaintiffs' First Amended Complaint for Damages, Officer Cadeau was a sworn police officer of the Atlanta Police Department.  However, Defendants deny that Officer Cadeau acted

under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Georgia or the City of Atlanta Police Department.  Except as expressly admitted or otherwise stated herein, the allegations contained in Paragraph 12 of Plaintiffs' First Amended Complaint for Damages are hereby denied.

13.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiffs' First Amended Complaint, which allegations therefore stand denied by operation of law.

14.

Defendants admit the allegations contained in Paragraph 14 of Plaintiffs' First Amended Complaint for Damages.

15.

Defendants admit the allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint for Damages.

16.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

17.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

18.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

19.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

20.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiffs' First Amended

Complaint for Damages, which allegations therefore stand denied by operation of law.

21.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

22.

Defendants admit the allegations contained in Paragraph 22 of Plaintiffs' First Amended Complaint for Damages.

23.

Paragraph 23 of Plaintiffs' First Amended Complaint for Damages states a legal conclusion with no factual allegations against Defendants, therefore no admission or denial is required.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Plaintiffs' allegations are denied.

24.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of Plaintiffs' First Amended

Complaint for Damages, which allegations therefore stand denied by operation of law.

25.

Defendants admit the allegations contained in Paragraph 25 of Plaintiffs' First Amended Complaint for Damages.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Plaintiffs' allegations are denied.

26.

Defendants admit the allegations contained in Paragraph 26 of Plaintiffs' First Amended Complaint for Damages.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Plaintiffs' allegations are denied.

27.

Defendants admit the allegations contained in Paragraph 27 of Plaintiffs' First Amended Complaint for Damages. To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Plaintiffs' allegations are denied.

28.

Defendants admit the allegations contained in Paragraph 28 of Plaintiffs' First Amended Complaint for Damages.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Plaintiffs' allegations are denied.

29.

Defendants admit the allegations contained in Paragraph 29 of Plaintiffs' First Amended Complaint for Damages.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Plaintiffs' allegations are denied.

RESPONSE TO COUNT ONE

30.

Defendants admit the allegations contained in Paragraph 30 of Plaintiffs' First Amended Complaint for Damages.

31.

Defendants admit that Defendant Cadeau's actions, which are the subject of Plaintiffs' First Amended Complaint, were undertaken in the regular course of his employment as a police officer of the City of Atlanta or the Atlanta Police Department.  However, Defendant Cadeau's actions were taken outside the scope of

his employment with APD.  Defendants are without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint, which allegations therefore stand denied by operation of law.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Plaintiffs' allegations are denied.

32.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

33.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

34.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of Plaintiffs' First Amended

Complaint for Damages, which allegations therefore stand denied by operation of law.

35.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

36.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

37.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

38.

Paragraph 38 of Plaintiffs' First Amended Complaint for Damages states a legal conclusion with no factual allegations against Defendants, therefore no admission or denial is required.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

39.

Paragraph 39 of Plaintiffs' First Amended Complaint for Damages states a legal conclusion with no factual allegations against Defendants, therefore no admission or denial is required.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

40.

Paragraph 40 of Plaintiffs' First Amended Complaint for Damages states a legal conclusion with no factual allegations against Defendants, therefore no

admission or denial is required.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

41.

Paragraph 41 of Plaintiffs' First Amended Complaint for Damages states a legal conclusion with no factual allegations against Defendants, therefore no admission or denial is required.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

42.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

43.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

44.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

45.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

46.

Paragraph 46 of Plaintiffs' First Amended Complaint for Damages states a legal conclusion with no factual allegations against Defendants, therefore no admission or denial is required.  To the extent that Plaintiffs seek to impose or imply

liability on Defendants by asserting the allegations therein, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

47.

Paragraph 47 Plaintiffs' First Amended Complaint for Damages states a legal conclusion with no factual allegations against Defendants, therefore no admission or denial is required.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

48.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

49.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of Plaintiffs' First Amended Complaint for Damages, which allegations therefore stand denied by operation of law.

## RESPONSE TO COUNT TWO

50.

Defendants admit the allegations contained in Paragraph 50 of Plaintiffs' First Amended Complaint for Damages.

51.

Defendants admit the allegations contained in Paragraph 51 of Plaintiffs' First Amended Complaint for Damages.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Plaintiffs' allegations are denied.

52.

Defendants admit the allegations contained in Paragraph 52 of Plaintiffs' First Amended Complaint for Damages.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Plaintiffs' allegations are denied.

53.

Defendants admit the allegations contained in Paragraph 53 of Plaintiffs' First Amended Complaint for Damages.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Plaintiffs' allegations are denied.

54.

Defendants acknowledge that Plaintiffs have brought claims against Defendant Turner in his individual capacity.  However, Defendants deny that any actions or omissions of Defendant Turner caused Plaintiffs' injuries as alleged in Plaintiffs' First Amended Complaint for Damages.  Except as expressly admitted or otherwise stated herein, the allegations contained in Paragraph 54 of Plaintiffs' First Amended Complaint for Damages are hereby denied.

55.

Defendants admit that the shooting incident giving rise to this lawsuit occurred after the Defendant Turner's retirement. Defendants further admit that Officer Cadeau was under the supervision of Defendant Turner from January 2010 through December 2016 and that Officer Cadeau was hired in July 2007.  However, Defendants deny that any action of Defendant Turner was a contributing cause or driving force behind Officer Cadeau's actions.  Except as expressly admitted or

otherwise stated herein, the allegations contained in Paragraph 55 of Plaintiffs' First Amended Complaint for Damages are hereby denied.

56.

Defendants deny the allegations contained in Paragraph 56 of Plaintiffs' First Amended Complaint for Damages.

57.

Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' First Amended Complaint for Damages.

58.

Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' First Amended Complaint for Damages.

59.

Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' First Amended Complaint for Damages.

60.

Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' First Amended Complaint for Damages.

61.

Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' First Amended Complaint for Damages.

62.

Defendants admit the allegations contained in Paragraph 62 of Plaintiffs' First Amended Complaint for Damages.

63.

Defendants admit the allegations contained in Paragraph 63 of Plaintiffs' First Amended Complaint for Damages.

64.

In response to Paragraph 64 of Plaintiffs' First Amended Complaint for Damages, Defendants admit that Defendant Turner did not find that Defendant Cadeau should be terminated.  Except as expressly stated or admitted herein, the allegations of Paragraph 64 are hereby denied.

65.

Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' First Amended Complaint for Damages.

66.

Paragraph 66 of Plaintiffs' First Amended Complaint for Damages states a legal conclusion with no factual allegations against Defendants, therefore no admission or denial is required.  To the extent that Plaintiffs seek to impose or imply liability on Defendants by asserting the allegations therein, Plaintiffs' allegations are denied.

67.

Defendants admit the allegations contained in Paragraph 67 of Plaintiffs' First Amended Complaint for Damages.

68.

Defendants admit the allegations contained in Paragraph 68 of Plaintiffs' First Amended Complaint for Damages.

69.

Defendants admit the allegations contained in Paragraph 69 of Plaintiffs' First Amended Complaint for Damages.

70.

Defendants admit the allegations contained in Paragraph 70 of Plaintiffs' First Amended Complaint for Damages.

71.

Defendants admit the allegations contained in Paragraph 71 of Plaintiffs' First Amended Complaint for Damages.

72.

Defendants admit the allegations contained in Paragraph 72 of Plaintiffs' First Amended Complaint for Damages.

73.

Defendants admit the allegations contained in Paragraph 73 of Plaintiffs' First Amended Complaint for Damages.

74.

In response to Paragraph 74 of Plaintiffs' First Amended Complaint for Damages, Defendants admit that the Atlanta Police Department uses polygraph and computer voice stress analysis as useful tools for conducting internal investigations. Except as expressly admitted or otherwise stated herein, the allegations contained in Paragraph 74 are hereby denied.

75.

Defendants admit the allegations contained in Paragraph 75 of Plaintiffs' First Amended Complaint for Damages.

76.

Defendants admit the allegations contained in Paragraph 76 of Plaintiffs' First Amended Complaint for Damages.

77.

Defendants admit the allegations contained in Paragraph 77 of Plaintiffs' First Amended Complaint for Damages.

78.

Defendants admit the allegations contained in Paragraph 78 of Plaintiffs' First Amended Complaint for Damages.

79.

Defendants admit the allegations contained in Paragraph 79 of Plaintiffs' First Amended Complaint for Damages.

80.

Defendants admit the allegations contained in Paragraph 80 of Plaintiffs' First Amended Complaint for Damages.

81.

Defendants admit the allegations contained in Paragraph 81 of Plaintiffs' First Amended Complaint for Damages.

82.

Defendants admit the allegations contained in Paragraph 82 of Plaintiffs' First Amended Complaint for Damages.

83.

Defendants admit the allegations contained in Paragraph 83 of Plaintiffs' First Amended Complaint for Damages.

84.

Defendants admit the allegations contained in Paragraph 84 of Plaintiffs' First Amended Complaint for Damages.

85.

Defendants admit the allegations contained in Paragraph 85 of Plaintiffs' First Amended Complaint for Damages.

86.

Defendants admit that it passed City of Atlanta Code of Ordinance 16-O-1072.   Except as expressly admitted or otherwise stated herein, the allegations contained in Paragraph 12 of Plaintiffs' First Amended Complaint for Damages are hereby denied.

87.

Defendants admit the allegations contained in Paragraph 87 of Plaintiffs' First Amended Complaint for Damages.

88.

Defendants deny the allegations contained in Paragraph 88 of Plaintiffs' First Amended Complaint for Damages.

89.

Defendants admit that the quoted language cited in Paragraph 89 of Plaintiffs' First Amended Complaint for Damages is included in the ACRB 2016 Annual Report. To the extent that Plaintiffs seek to impose or imply liability on Defendant by asserting the allegations in Paragraph 89, Plaintiffs' remaining allegations are denied.

90.

Defendants admit that the quoted language cited in Paragraph 90 of Plaintiffs' First Amended Complaint for Damages is included in the ACRB 2016 Annual Report. To the extent that Plaintiffs seek to impose or imply liability on Defendant by asserting the allegations in Paragraph 90, Plaintiffs' remaining allegations are denied.

91.

Defendants deny the allegations contained in Paragraph 91 of Plaintiffs' First Amended Complaint for Damages.

92.

Defendants deny the allegations contained in Paragraph 92 of Plaintiffs' First Amended Complaint for Damages.

93.

Defendants admit the allegations contained in Paragraph 93 of Plaintiffs' First Amended Complaint for Damages.

94.

Defendants admit the allegations contained in Paragraph 94 of Plaintiffs' First Amended Complaint for Damages.

95.

Defendants admit the allegations contained in Paragraph 95 of Plaintiffs' First Amended Complaint for Damages.

96.

Defendants admit the allegations contained in Paragraph 96 of Plaintiffs' First Amended Complaint for Damages.

97.

Defendants admit the allegations contained in Paragraph 97 of Plaintiffs' First Amended Complaint for Damages.

98.

Defendants admit the allegations contained in Paragraph 98 of Plaintiffs' First Amended Complaint for Damages.

99.

Defendants admit the allegations contained in Paragraph 99 of Plaintiffs' First Amended Complaint for Damages.

100.

Defendants admit the allegations contained in Paragraph 100 of Plaintiffs' First Amended Complaint for Damages.

101.

Defendants admit the allegations contained in Paragraph 101 of Plaintiffs' First Amended Complaint for Damages.

102.

Defendants admit the allegations contained in Paragraph 102 of Plaintiffs' First Amended Complaint for Damages.

103.

Defendants admit the allegations contained in Paragraph 103 of Plaintiffs' First Amended Complaint for Damages.

104.

Defendants admit the allegations contained in Paragraph 104 of Plaintiffs' First Amended Complaint for Damages.

105.

Defendants admit the allegations contained in Paragraph 105 of Plaintiffs' First Amended Complaint for Damages.

106.

Defendants admit the allegations contained in Paragraph 106 of Plaintiffs' First Amended Complaint for Damages.

107.

Defendants admit the allegations contained in Paragraph 107 of Plaintiffs' First Amended Complaint for Damages.

108.

Defendants admit the allegations contained in Paragraph 108 of Plaintiffs' First Amended Complaint for Damages.

111.[1]

Defendants deny the allegations contained in Paragraph 111 of Plaintiffs' First Amended Complaint for Damages.

112.

Defendants deny the allegations contained in Paragraph 112 of Plaintiffs' First Amended Complaint for Damages.

113.

Defendants deny the allegations contained in Paragraph 113 of Plaintiffs' First Amended Complaint for Damages.

RESPONSE TO COUNT THREE

114.

Defendants admit the allegations contained in Paragraph 114 of Plaintiffs' First Amended Complaint for Damages.

115.

Defendants deny the allegations contained in Paragraph 115 of Plaintiffs' First Amended Complaint for Damages.

---

[1] Plaintiffs' First Complaint for Damages does not include a Paragraph 109 or 110.

116.

Defendants deny the allegations contained in Paragraph 116 of Plaintiffs' First Amended Complaint for Damages.

117.

In response to Paragraph 117 of Plaintiffs' First Amended Complaint for Damages, Defendants acknowledge that under *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658 (1978), municipalities may be held liable for constitutional violations of city officials, employees, and officers.  However, Defendants deny any deliberate indifference to training, supervising, and disciplining APD officers regarding excessive or unreasonable use of force.  Defendants deny any liability whatsoever for the injuries alleged in Plaintiffs' Complaint.

118.

Defendants deny the allegations contained in Paragraph 118 of Plaintiffs' First Amended Complaint for Damages.

119.

Defendants deny the allegations contained in Paragraph 119 of Plaintiffs' First Amended Complaint for Damages.

120.

Defendants deny the allegations contained in Paragraph 120 of Plaintiffs' First Amended Complaint for Damages.

121.

Defendants deny the allegations contained in Paragraph 121 of Plaintiffs' First Amended Complaint for Damages.

122.

Defendants deny the allegations contained in Paragraph 122 of Plaintiffs' First Amended Complaint for Damages.

123.

Defendants deny the allegations contained in Paragraph 121 of Plaintiffs' First Amended Complaint for Damages.

124.

Defendants deny the allegations contained in Paragraph 121 of Plaintiffs' First Amended Complaint for Damages.

## RESPONSE TO COUNT FOUR

125.

Defendants deny the allegations contained in Paragraph 125 of Plaintiffs' First Amended Complaint for Damages.

126.

Any and all allegations contained in Plaintiffs' First Amended Complaint for Damages that have not been expressly and specifically admitted herein are hereby denied.

WHEREFORE, having fully and completely answered Plaintiffs' First Amended Complaint for Damages, Defendants pray that:

a.  Judgment be entered in favor of Defendants and against Plaintiffs;

b.  Plaintiffs' First Amended Complaint for Damages be dismissed with prejudice, with all costs taxed against Plaintiffs;

c.  Defendants be awarded their costs and expenses in defending this action, including its reasonable attorney's fees; and,

d.  This Court award Defendants any such other and further relief deemed just and proper.

Respectfully submitted this 2nd day of August, 2019.

*(Signature on the following page.)*

THOMAS KENNEDY SAMPSON & TOMPKINS LLP

*/s/ Derron B. Bowles*
THOMAS G. SAMPSON II
Georgia Bar No. 623601
SHERMELA J. WILLIAMS
Georgia Bar No. 677690
MARRIAH N. PAIGE
Georgia Bar No. 852228
DERRON B. BOWLES
Georgia Bar No. 928313
*Attorneys for Defendants*
*City of Atlanta and George N. Turner*

3355 Main Street
Atlanta, Georgia 30337
Telephone: (404) 688-4503
w.sampson@tkstlaw.com
s.williams@tkstlaw.com
m.paige@tkstlaw.com
d.bowles@tkstlaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2019, I electronically filed the foregoing **Defendants City Of Atlanta And George N. Turner's Answer To Plaintiffs' First Amended Complaint for Damages** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Shean D. Williams, Esq.
> Samuel L. Starks, Esq.
> Mecca S. Anderson, Esq.
> The Cochran Firm – Atlanta
> 100 Peachtree Street, NW
> Suite 2600
> Atlanta, Georgia  30303

This 2nd day of August, 2019.

> /s/Derron B. Bowles
> DERRON B. BOWLES
> Georgia Bar No. 928313

THOMAS KENNEDY
 SAMPSON & TOMPKINS LLP
3355 Main Street
Atlanta, Georgia 30337
(404) 688-4503
d.bowles@tkstlaw.com