IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Noel Hall and Christina Hall ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| City of Atlanta, a municipal corporation ) | CIVIL ACTION |
| of the State of Georgia; GEORGE N. ) | |
| TURNER, in his individual capacity as ) | FILE NO.: 1:18-cv-4710-CAP |
| former Chief of Police of the City of ) | |
| Atlanta Police Department and ) | |
| MATHIEU CADEAU, in his individual ) | |
| capacity as former Police Officer of the ) | |
| City of Atlanta Police Department, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFFS' TRIAL BRIEF AND REQUEST FOR JUDICIAL NOTICE REGARDING UNDERLYING CONSTITUTIONAL VIOLATION

**COMES NOW**, the Plaintiffs Noel and Christina Hall (hereinafter "Plaintiffs"), and files this *Trial Brief and Request for Judicial Notice Regarding Underlying Constitutional Violation,* requesting that the Court take judicial notice that Defendant Mathieu Cadeau ("Defendant Cadeau") violated Plaintiffs' constitutional right to be free from excessive force, as this Court ruled in its *Order* on summary judgment. (Doc. 291, P. 23-24, P. 27-28).

I.    **COURT'S RULING ON SUMMARY JUDGMENT**

On December 16, 2022, this Court issued an *Order* addressing Plaintiffs' motions for partial summary judgment against Defendants Cadeau, City of Atlanta, and George Turner. With respect to Plaintiffs' motion for partial summary judgment regarding Defendant Cadeau, this Court ruled as follows: "*Cadeau testified at his deposition that no person was in front of the plaintiffs' van at the time he fired his weapon. He pleaded guilty to aggravated assault and reckless conduct. Cadeau lacked probably cause to believe that the occupants of the van posed a threat of harm to anyone at the intersection. Thus, when Cadeau shot into the vehicle, he violated the plaintiffs' constitutional right to be free from excessive force.*" (Doc. 291, P. 23-24). (citations omitted) (emphasis added).

In ruling on Plaintiffs' motion for partial summary judgment against Defendants City of Atlanta [and George Turner], the Court's holding was stated as follows: "*In Section C (1), supra, the court has granted the plaintiffs' motion for summary judgment on their claim that Cadeau violated their fourth amendment right to be free from excessive force. Thus, the analysis turns on whether the City had a custom or policy that constituted deliberate indifference to that right and whether that policy or custom caused the violation.*" (Doc. 291, P. 27-28) (emphasis added).

## II.     LEGAL STANDARD FOR JUDICIAL NOTICE

Pursuant to FRE 201 (*Judicial Notice of Adjudicated Facts*), Plaintiffs request that the Court take judicial notice of all facts and evidence – or adjudicative facts - that support the Court's finding that Cadeau violated Plaintiffs' constitutional right to be free excessive force, as this Court ruled in its Order on summary judgment. Because this Court has ruled that Cadeau violated Plaintiffs' constitutional right to be free from excessive force, there is no issue for the jury to consider, as to any of the Defendants, regarding whether there is an underlying Fourth Amendment violation of Plaintiffs' constitutional rights.

If the Court grants Plaintiffs' request to take judicial notice of the underlying constitutional violation, Plaintiffs request that the Court instruct Defendants, and all witnesses, to refrain from making any mention or interrogation, argument, or statement, directly or indirectly, in any manner whatsoever which contradicts or attempts to relitigate the Court's ruling that Cadeau violated Plaintiffs' constitutional rights. See FRE 103 (*Rulings on Evidence*), and FRE 401 (*Test for Relevant Evidence*) and 403 (*Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons*).

### III. PLAINTIFFS REQUEST THAT THE COURT TAKE JUDICIAL NOTICE OF A FOURTH AMENDMENT VIOLATION

Pursuant to FRE 201 (*Judicial Notice of Adjudicative Facts*), Plaintiffs request that the Court take judicial notice of the underlying Fourth Amendment constitutional violation, which requires no jury deliberation. As explained below, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." FRE 201(c)(2).

In *Gilson v. Indaglo*, 2014 U.S. Dist. LEXIS 205442* (M.D. Fla. Jan. 4, 2014), the trial court explained that "[a]djudicative facts are facts that are relevant to a determination of the claims presented in the case," citing *Dippin' Dots, Inc. v. Frosty Bites Dist., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). One of the essential elements of Defendants liability is the violation of a citizen's constitutional rights. However, Plaintiffs should not have to prove to a jury that their constitutional rights were violated because this Court has ruled on this element of Plaintiffs' claims against Defendants. Therefore, Plaintiffs request that the jury be instructed that Defendant Cadeau violated Plaintiffs' constitutional rights through the Court taking judicial notice of an adjudicative fact and instructing the jury consistent with the Court's ruling as stated in Part I. above.

As explained in the *Notes of Advisory Committee on Proposed Rules* to FRE 201, "adjudicative facts are those to which the law is applied in the process of adjudication. They are the facts that normally go to the jury in a jury case. They relate to the parties, their activities their properties, their businesses." 2 *Administrative Law Treatise* 353. Moreover, "Rule 201(g) as received from the Supreme Court provided that when judicial notice of fact is taken, the court shall instruct the jury to accept that fact as established." *Notes of Committee on the Judiciary, House Report No. 93-650*.

Pursuant to FRE 401 and 403, based on the Court's ruling at summary judgment, there is no need for the Parties to litigate the underlying Fourth Amendment violation.

Federal Rule of Evidence 403, provides as follows:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

If the Court allows Defendants to relitigate whether there is an underlying Fourth Amendment violation, it would be in contradiction of the admonitions of FRE 403. The probative value of any such evidence is substantially outweighed by a danger of unfair prejudice to Plaintiff and confusing or misleading the jury regarding an issue that has already been decided by the Court. (*Id.*). Moreover, allowing

5

Defendants to relitigate the underlying Fourth Amendment violation would certainly create undue delay, waste time, and would needlessly allow the presentation of cumulative evidence. (*Id.*)

**WHEREFORE**, For the reasons stated above, Plaintiffs request that the Court take judicial notice of the underlying constitutional violation and preclude Defendants from relitigating the element of whether there was the underlying Fourth Amendment violation and limit Defendants' presentations to issues that remain for the jury to decide in determining Defendants' liability.

Respectfully submitted this 8th day of April, 2021.

                                        **THE COCHRAN FIRM ATLANTA**

                                        */s/ Samuel L. Starks*
                                        Shean D. Williams, Esq.
                                        Georgia Bar No.: 764139
                                        Samuel L. Starks, Esq.
                                        Georgia Bar No.: 676515
                                        ***Attorneys for Plaintiffs***

100 Peachtree Street, Suite 2500
Atlanta, Georgia 30303
Tel.: 404-222-9922
Fax: 404-222-0170
E-Mail:    swilliams@cochranfirmatl.com
               sstarks@cochranfirmatl.com


# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **Noel Hall and Christina Hall** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **City of Atlanta, a municipal corporation of the State of Georgia; GEORGE N. TURNER, in his individual capacity as former Chief of Police of the City of Atlanta Police Department and MATHIEU CADEAU, in his individual capacity as former Police Officer of the City of Atlanta Police Department,** | ) **CIVIL ACTION** <br><br> ) **FILE NO.: 1:18-cv-4710-CAP** |
| | ) |
| **Defendants.** | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing *Trial Brief and Request for Judicial Notice Regarding Underlying Constitutional Violation* has been electronically filed using the CM/ECF which will automatically send email notification of such filing to all counsel of record.

[signature on following page]

Respectfully submitted this 8th day of April, 2021.

**The Cochran Firm - Atlanta**

*/s/ Samuel L. Starks*
Shean D. Williams, Esq.
Georgia Bar No.: 764139
Samuel L. Starks, Esq.
Georgia Bar No.: 676515

100 Peachtree Street, N.W.
Suite 2600
Atlanta, Georgia 30303
(404) 222-9922 (phone)
(404) 222-0170 (fax)
swilliams@cochranfirmatl.com
sstarks@cochranfirmatl.com